William J. TATEM, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 416, 2001.

Supreme Court of Delaware.

Submitted: Nov. 9, 2001.
Decided: Dec. 17, 2001.

William J. Tatem, pro se.

Loren C. Meyers, Department of Justice, Wilmington, Delaware, for appellant.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The defendant-appellant, William J. Tatem, filed an appeal from the August 22, 2001 order of the Superior Court denying his motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a). In this appeal, Tatem claims that his trial counsel provided ineffective assistance by failing to challenge the jury instruction on kidnaping, object to certain trial testimony relating to the kidnaping charge and object to the sentence imposed. In essence, Tatem contends that there was insufficient evidence to sustain his conviction of Kidnaping in the First Degree.

We have carefully considered this matter. We have concluded that Tatem's appeal is without merit. Accordingly, the judgment of the Superior Court is affirmed.

### Prior Direct Appeal

In 1984 a Superior Court jury found Tatem guilty of Rape in the First Degree, Kidnaping in the First Degree,[1] Possession of a Deadly Weapon During the Commission of a Felony and Possession of a Deadly Weapon by a Person Prohibited. Tatem was given life sentences on each of the rape and kidnapping convictions, five years incarceration at Level V on the first weapon conviction and one year incarceration at Level V on the second weapon conviction. Tatem's convictions and sentences were affirmed by this Court on direct appeal.[2]

### Rule 35's Limited Relief

Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." "The 'narrow function of Rule 35 is to permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'"[3] "Relief under Rule 35(a) is available 'when the sentence imposed exceeds the statutorily-imposed limits, [or] violates the Double Jeopardy Clause ....'"[4] "A sentence is also illegal if it 'is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.'"[5]

Tatem does not contend that his sentence was outside the statutory authorization, constituted double jeopardy, or was ambiguous or contradictory. The only

1. 11 *Del. C.* § 783A (4).

2. *Tatem v. State*, Del.Supr., No. 131, 1985, Walsh, J., 1986 WL 16306 (Feb. 5, 1986) (ORDER).

3. *Brittingham v. State*, Del.Supr., 705 A.2d 577, 578 (1998) (quoting *Hill v. United States*,

368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

4. *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir.1992)).

5. *Id.* (quoting *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir.1997)).

claim asserted in his Rule 35(a) motion involves alleged ineffective assistance of counsel relating to his kidnapping conviction and sentence. Because that claim would require an examination of the proceedings leading up to the imposition of sentence, no relief is available to Tatem under Rule 35(a).[6]

### Rule 61's Bars

██ Even if deemed a motion for post-conviction relief pursuant to Superior Court Criminal Rule 61, Tatem's motion is still unavailing. Not only is such a post-conviction motion time-barred,[7] it is procedurally barred as repetitive to the extent it alleges ineffective assistance of counsel.[8] It is also procedurally barred as formerly adjudicated to the extent it alleges there was insufficient evidence to support a conviction for kidnapping.[9]

### Conclusion

The judgment of the Superior Court is affirmed.

---

6. *Id.* (citing *Hill v. United States,* 368 U.S. at 430, 82 S.Ct. 468).

7. Super. Ct.Crim. R. 61(i)(1). Tatem's motion was filed more than 3 years after the judgment of conviction became final. *Jackson v. State,* Del.Supr., 654 A.2d 829, 832 (1995).

8. Super. Ct.Crim. R. 61(i)(2). As of 1992, Tatem had filed 4 previous postconviction motions. It does not appear that any of those motions included a claim of ineffective assistance of counsel. *Tatem v. State,* Del.Supr., 608 A.2d 730, No. 26, 1992, Holland, J. (Mar. 5, 1992) (ORDER).

9. Super. Ct.Crim. R. 61(i)(4). This issue was previously litigated and decided against Tatem. *Tatem v. State,* Del.Supr., No. 131, 1985, Walsh, J., 1986 WL 16306 (Feb. 5, 1986) (ORDER). Tatem's contention that the Superior Court's kidnapping charge was improper is not supported by *Weber v. State,* Del.Supr., 547 A.2d 948, 959–60 (1988), since the rulings in that case apply prospectively only. *Coleman v. State,* Del.Supr., 562 A.2d 1171, 1179 (1989).