IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD A. WILMER, | § | |
| | § | No. 60, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9603002509 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 7, 2015
Decided: June 16, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**ORDER**

This 16th day of June 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Gerald A. Wilmer, filed this appeal from the Superior Court's order dated January 15, 2015, denying his motion for reduction of sentence under Superior Court Criminal Rule 35(b). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wilmer's opening brief that the appeal is without merit. We agree and affirm.

(2) Following his grand jury indictment in 1996 and his reindictment in 1997, Wilmer was convicted of one count of Unlawful Sexual Intercourse in the First Degree ("USI").[1] On September 12, 1997, Wilmer was sentenced, effective April 6, 1996, to thirty years at Level V (fifteen years mandatory), suspended after twenty-five years for five years of decreasing levels of supervision. In March 1998, this Court affirmed Wilmer's conviction and sentence.[2]

(3) In the past seventeen years, Wilmer has repeatedly and unsuccessfully challenged his conviction and sentence in motions for postconviction relief under Superior Court Criminal Rule 61, a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), and in state and federal petitions for a writ of habeas corpus. In many of those motions and petitions, Wilmer assailed his 1997 reindictment and the effectiveness of his trial and postconviction counsel, claiming that his reindictment violated principles of double jeopardy and constituted vindictive prosecution.[3]

---

[1] 11 *Del. C.* § 775 (1996) (repealed 1998). Former 11 *Del. C.* § 775, codifying Unlawful Sexual Intercourse in the First Degree, was repealed and replaced by 11 *Del. C.* § 773, codifying Rape in the First Degree. 71 Del. Laws, c. 285, § 13 (1998).

[2] *Wilmer v. State*, 1998 WL 123200 (Del. Mar. 6, 1998).

[3] *See, e.g., State v. Wilmer*, 2003 WL 751181, at*2 (Del. Super. Feb. 28, 2003) (denying second motion for postconviction relief), *aff'd*, 2003 WL 21519871 (Del. July 3, 2003); *Wilmer v. Carroll*, 2005 WL 3338556, at *1 (D. Del. Dec. 8, 2005) (dismissing federal

2

(4) Wilmer did not file an appeal from the denial of his first motion for postconviction relief. He did, however, appeal the denials of his second, third, fourth, sixth, seventh, and eighth motions for postconviction relief.[4] Also, Wilmer appealed the denial of his motion for correction of illegal sentence.[5]

(5) In October 2014, Wilmer filed a motion for reduction of sentence under Superior Court Criminal Rule 35(b). Paradoxically, although he was sentenced effective April 6, 1996, Wilmer asked the Superior Court to credit him for the time he spent incarcerated between April 29, 1996, the date of his original indictment, and April 8, 1998, the date the *nolle prosequi* of the original set of charges was entered on the Superior Court docket. By

---

habeas corpus petition); *Wilmer v. State*, 2010 WL 3860657, at ¶ 3 (Del. Oct. 4, 2010) (affirming denial of sixth motion for postconviction relief); *Wilmer v. State*, 2011 WL 1413305, at ¶ 3 (Del. April 12, 2011) (affirming denial of motion for correction of illegal sentence); *State v. Wilmer*, 2013 WL 4828743, at ¶ 2 (Del. Super. Aug. 2, 2013) (summarily dismissing seventh motion for postconviction relief), *dismissed*, 2013 WL 5407222 (Del. Sept. 23, 2013); *State v. Wilmer*, 2014 WL 603257, at ¶ 2 (Del. Super. Jan. 31, 2014) (summarily dismissing eighth motion for postconviction relief), *aff'd*, 2014 WL 2601614 (Del. June 9, 2014).

[4] *Wilmer v. State*, 2003 WL 21519871 (Del. July 3, 2003) (affirming denial of second motion for postconviction relief); *Wilmer v. State*, 2006 WL 2787487 (Del. Sept. 26, 2006) (affirming denial of third motion for postconviction relief); *Wilmer v. State*, 2008 WL 2955861 (Del. Aug. 4, 2008) (affirming denial of fourth motion for postconviction relief); *Wilmer v. State*, 2010 WL 3860657 (Del. Oct. 4, 2010) (affirming denial of sixth motion for postconviction relief); *Wilmer v. State*, 2013 WL 5407222 (Del. Sept. 23, 2013) (affirming summary dismissal of seventh motion for postconviction relief); *Wilmer v. State*, 2014 WL 2601614 (Del. June 9, 2014) (affirming summary dismissal of eighth motion for postconviction relief).

[5] *Wilmer v. State*, 2011 WL 1413305 (Del. April 12, 2011) (affirming denial of motion for correction of illegal sentence).

order dated January 15, 2015, the Superior Court denied the motion for reduction of sentence as time-barred, noting that "many of the arguments made by Mr. Wilmer have been recently made, and rejected by the Court in a request for relief under Criminal Rule 61."[6]

(6) On appeal from the denial of his motion for reduction of sentence, Wilmer devotes the majority of his opening brief to claims that his 1997 reindictment deprived him of due process, that the State's actions were prejudicial, and that his trial counsel was ineffective. Wilmer asks this Court to "look past" the time limitation of Superior Court Criminal Rule 35(b) and to reduce his sentence by two years "despite the fact a complete reversal is warranted."

(7) It is manifest on the face of Wilmer's opening brief that this appeal is without merit. Wilmer's claims, brought in a motion for reduction of sentence under Superior Court Criminal Rule 35, essentially challenge the legality of his conviction, which can only be brought in a motion for postconviction relief under Superior Court Criminal Rule 61.[7] Wilmer

---

[6] *See* Del. Super. Ct. Crim. R. 35(b) (providing that a motion for reduction of sentence filed more than ninety days after sentencing will be considered only in "extraordinary circumstances" or when the Department of Correction has filed an application under 11 *Del. C.* § 4217).

[7] *See* Del. Super. Ct. Crim. R. 61(a)(2) (regarding exclusiveness of remedy under Rule 61). *Briddell v. State*, 2013 WL 6212228, at n.1 (Del. Nov. 26, 2013) (citing *Tatem v. State*, 787 A.2d 80, 81-82 (Del. 2001)).

4

"cannot continue to litigate previously decided issues by changing the number of the Superior Court rule under which he seeks postconviction relief."[8]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998).

5