# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) ) ) ) | |
| V. | ) ) | ID# 84006375DI |
| WILLIAM TATEM, | ) ) ) | |
| Defendant. | ) ) ) ) | |

Upon Consideration of Defendant's Motion for Post-Conviction Relief,
**Denied**

Date Submitted: October 11, 2018
Date Decided: November 8, 2018

## <u>ORDER</u>

Amanda J. DiLiberto, Esquire, Department of Justice, 820 North French Street, Wilmington, Delaware, 19801. Deputy Attorney General.

William Tatem, *Pro Se.*

**Scott, J.**

This 5th day of November, 2018, upon consideration of Defendant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, is appears to the Court that:

1. In 1984, a jury found Defendant guilty of Rape in the First Degree, Kidnapping in the First Degree, Possession of a Deadly Weapon during the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited. Defendant was sentenced to life in prison for the Rape and Kidnapping convictions, and six years for the remaining convictions. Defendant's convictions were affirmed by the Supreme Court in 1986.[1]

2. Defendant has filed several Motions for Postconviction Relief under Rule 35 and Rule 61. These Motions have all been denied.[2]

3. The Court must address Defendant's Motion in regard to Rule 61(i) procedural bars to relief before assessing the merits of his motion.[3] As defendant has previously filed Motions for Postconviction Relief in this Court, the Motions must satisfy the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[4]

---

[1] *Tatem v. State*, 504 A.2d 573 (Del. 1986).

[2] See; *Tatem v. State*, 504 A.2d 573 (Del. 1986), 787 A.2d 80 (Del. 2001), 9and 57 A.2d 2 (Del. 2008); See also; State v. Tatem, 1987 WL 847753 (Del. Super. Ct. 1987), 1987 WL 847754 (Del. Super. Ct. 1987), 2003 WL 22048227 (Del. Super. Ct. 2003), 2008 WL 1922293 (Del. Super. Ct. 2008).

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[4] Super. Ct. Crim. R. 61 (i) (2).

4. Second or subsequent motions under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

    a. pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

    b. pleads with particularity a claim that a new rule of Constitutional Law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[5]

5. Defendant is correct in his assertion that a claim of Ineffective Assistance of Counsel claim could not be raised in a direct appeal.[6] However, the rules require a Defendant's *first* motion to "specify all the grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, and shall set forth in summary form the facts supporting each of the grounds thus specified."[7]

---

[5] Super. Ct. Crim. R. 61 (d).
[6] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[7] Super. Ct. Crim. R. 61 (b) (2).

6. A claim for Ineffective Assistance of Counsel cannot be raised on direct appeal, and is properly addressed in a Rule 61 Motion.[8] However, Defendant was required to raise this claim in prior proceedings before the Court.

7. Defendant has previously claimed Ineffective Assistance of Counsel in relation to his trial. The Court found the argument to be without merit and denied a Motion for Postconviction Relief.[9]

8. The Supreme Court noted in a 2001 decision regarding this case, Defendant's claims of ineffective assistance of counsel were procedurally barred as repetitive.[10]

9. Similarly, Defendant did not raise an ineffective assistance of counsel claim in his 2008 Rule 61 motion for Motion for Postconviction Relief.[11]

10. Rule 61 provides for the appointment of counsel in certain circumstances.[12] However, the right to counsel is limited to a petitioner's first motion for postconviction relief.[13] The amended Rule 61 providing an indigent defendant the right to counsel in their first postconviction

---

[8] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[9] *State v. Tatem*, 1986 WL 9027 (Del. Super. Ct. 1986).
[10] *Tatem v. State*, 787 A.2d 80, 82 (Del. 2001).
[11] *State v. Tatem*, 2008 WL 1922293 (Del. Super. Ct. 2008).
[12] Super. Ct. Crim. R. 61 (e).
[13] See; *State v. Roten*, 2013 WL 4744681 (Del. Super. Ct. 2013).

motion was adopted in 2013. In amending the Rule, this Court stated the right was not retroactive, and applied only to first Postconviction motions pending as of May 6, 2013.[14]

11. An evidentiary hearing is only granted if one is desirable.[15] This Court is not required to conduct an evidentiary hearing for a postconviction motion if, "on the face of the motion, it appears that the petitioner is not entitled to relief."[16]

Defendant's Motion for Postconviction Relief is procedurally barred as repetitive. Defendant has not pleaded with any particularity that there is new evidence creating a strong inference that he is actually innocent, nor a new rule of constitutional law, applicable to his case which would render his conviction invalid.

The Defendant's Motion for Postconviction Relief pursuant to Rule 61 is hereby **DENIED** without further proceedings.

**IT IS ORDERED**

_____
The Honorable Calvin L. Scott, Jr.

---

[14] *State v. Roten*, 2013 WL 4744681, at *2 (Del. Super. Ct. Sept. 3, 2013), aff'd, 80 A.3d 961 (Del. 2013).

[15] Super. Ct. Crim. R. 61 (h).

[16] Johnson v. State, 129 A.3d 882 (Del. 2015)