IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IVORIE KELLEY, | § | |
| | § | No. 266, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1705016229 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 6, 2019
Decided: November 14, 2019

Before **SEITZ,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Ivorie Kelley, filed this appeal from the Superior Court's denial of his motion for sentence reduction. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kelley's opening brief that his appeal is without merit. We agree and affirm.

(2) In July 2017, a grand jury indicted Kelley for multiple weapon charges. On November 7, 2017, Kelley pleaded guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") in exchange for dismissal of the remaining charges. The plea agreement reflected that the parties agreed to immediate sentencing and that the State

would recommend a sentence of fifteen years of Level V incarceration suspended after the five-year minimum/mandatory. Under 16 *Del. C.* § 1448(e)(1)(b), a person who is convicted of PFBPP and has a violent felony conviction within the previous ten years must be sentenced to a minimum of five years at Level V. The Superior Court sentenced Kelley to fifteen years of Level V incarceration, suspended after five years for one year of Level III probation.

(3)     On February 9, 2018, Kelley filed a motion for sentence modification. He sought to reduce the non-suspended Level V portion of his sentence from five years to two years. The Superior Court denied the motion because it could not reduce or suspend the mandatory portion of a substantive minimum sentence. Kelley did not appeal.

(4)     On November 30, 2018, Kelley filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). He argued that § 1448(e)(1)(b) did not apply to his PFBPP sentence because his 2013 conviction for drug dealing was a Class D felony under 16 *Del. C.* § 4754(3) and was not defined as a violent felony under 16 *Del. C.* § 4201(c). After reviewing Kelley's criminal history, the Superior Court found that Kelley was charged with, and pleaded guilty to, drug dealing under 16 *Del. C.* § 4753(2), a Class C felony and a violent felony under 11 *Del. C.* § 4201(c). Kelley was therefore subject to a five-year minimum mandatory sentence for PFBPP under § 1448(e)(1)(b). Kelley did not appeal.

2

(5)  On February 28, 2019, Kelley filed a motion for reduction of sentence. He again challenged his drug dealing conviction and argued that § 1448(e)(1)(b) should not have applied to his PFBPP sentence.  The Superior Court denied the motion, finding that it raised issues more appropriate to a direct appeal and was untimely and repetitive.  This appeal followed.

(6)  On appeal, Kelley continues to argue that § 1448(e)(1)(b) did not apply to his PFBPP sentence.  We review the denial of a motion for reduction of sentence for abuse of discretion.[1]  To the extent a claim involves a question of law, we review the claim *de novo*.[2]

(7)  Kelley's PFBPP sentence is not illegal.  He was subject to a five-year minimum sentence under § 1448(e)(1)(b) because he was convicted of a violent felony—drug dealing under 16 *Del. C.* § 4753(2)—within ten years of his PFBPP conviction.  In arguing that the drug dealing plea paperwork showed a sentencing range for a Class D rather than Class C felony, Kelley ignores that the paperwork identified the charge he was pleading guilty to as "Drug Dealing—Marijuana—No Tier Weight—1 Aggravating Factor (in vehicle) (Felony C) (16 Del. C. 4753(2))."[3]  The sentencing transcript provided by Kelley also reflects that he admitted he was

---

[1] *State v. Culp*, 152 A.3d 141, 144 (Del. 201).
[2] *Id.*
[3] Exhibit J to Motion to Affirm.

3

guilty of possession with intent to deliver a controlled substance in a car, the elements of drug dealing under § 4753(2).

(8)    Kelley's ineffective assistance of counsel claims are outside the scope of a Rule 35(a) motion.[4] To the extent Kelley seeks reduction of his PFBPP sentence under Rule 35(b), the Superior Court cannot reduce the mandatory portion of Kelley's sentence.[5] Kelley's motion was also repetitive and untimely.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[4] *Tatem v. State*, 787 A.2d 80, 82 (Del. 2001).
[5] *State v. Sturgis*, 947 A.2d 1087, 1092–93 (Del. 2008).