IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARK D. FRANKLIN, § 
 § No. 464, 2019
Defendant Below, § 
Appellant, § Court Below—Superior Court
 § of the State of Delaware
v. § 
 § Cr. ID No. 0108020942 (K)
STATE OF DELAWARE, § 
 § 
Plaintiff Below, § 
Appellee. § 

Submitted: January 6, 2020
Decided: February 20, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)  The appellant, Mark D. Franklin, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment on the ground that it is manifest on the face of Franklin's opening brief that his appeal is without merit. We agree and affirm.

(2)  In 2004, Franklin pleaded guilty to three counts of third-degree rape. After a presentence investigation, the Superior Court sentenced Franklin to a total of thirty years of imprisonment, suspended after fifteen years for Level III probation.

Because Franklin's two victims were young children, the Superior Court sentence also ordered Franklin to have no contact with children under the age of eighteen. He was found in violation of probation ("VOP") multiple times between 2015 and 2017; his violations included having had contact with minors.[1]

(3) In October 29, 2018, the Superior Court again found Franklin in violation of probation. The court sentenced him to five years of imprisonment for one of the underlying charges, suspended after successful completion of the Transitions Sex Offender Program for two years of Level III probation, and for the other two underlying charges, the court sentenced him to five years of imprisonment, suspended for two years of Level III probation. Franklin did not file a direct appeal from the October 2018 VOP.

(4) In October 2019, Franklin filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). He argued that (i) the October 2018 VOP sentence is illegal because it exceeds the Delaware Sentencing Accountability Commission ("SENTAC") sentencing recommendation as set forth in the 2018 Superior Court Sentencing Benchbook and (ii) he received ineffective assistance of counsel at his VOP hearing. The Superior Court denied the motion, and Franklin has appealed.

---

[1] *See Franklin v. State*, 2017 WL 2705747 (Del. June 22, 2017) (stating circumstances of VOPs between April 2015 and January 2017).

(5)     We review the denial of a motion for correction of sentence for abuse of discretion.[2]  To the extent that the claim involves a question of law, we review the issue *de novo*.[3]  The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings before the imposition of sentence.[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6)     The Superior Court did not err in denying Franklin's motion for correction of sentence.  Even assuming that Franklin's VOP sentence exceeds the SENTAC guidelines, the "SENTAC guidelines are not binding upon the Superior Court," and a sentence that exceeds the guidelines is not illegal if it is within the maximum sentence that is authorized by statute.[6]  Franklin does not contend that his sentence exceeded the statutory maximum.  Franklin's claim that he received ineffective assistance of counsel at his VOP hearing also is not cognizable within

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Id.*
[6] *Wynn v. State*, 23 A.3d 145, 150-51 (Del. 2011).  *See also, e.g.*, *Miller v. State*, 2019 WL 1768932, at *2-3 (Del. Apr. 18, 2019) (rejecting a challenge to a VOP sentence that exceeded the SENTAC guidelines).

3

the limited scope of a motion under Rule 35(a).[7] Similarly, to the extent that Franklin asserts a conflict of interest with his counsel that is distinct from his ineffective assistance of counsel claim, that argument does not demonstrate that the Superior Court imposed an illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Gary F. Traynor_
Justice

---

[7] *See Tatem v. State*, 787 A.2d 80, 81-82 (Del. 2001) ("Tatem does not contend that his sentence was outside the statutory authorization, constituted double jeopardy, or was ambiguous or contradictory. The only claim asserted in his Rule 35(a) motion involves alleged ineffective assistance of counsel relating to his kidnapping conviction and sentence. Because that claim would require an examination of the proceedings leading up to the imposition of the sentence, no relief is available to Tatem under Rule 35(a).").