IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERRICK J. SMITH, | § | |
| | § | No. 375, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1101020846 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 21, 2024
Decided: January 10, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After considering the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) Derrick Smith appeals the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2) In July 2011, Smith pleaded guilty to one count of possession of a firearm during the commission of a felony (PFDCF) and one count of attempted first-degree assault as a lesser-included offense of attempted first-degree murder. Following a presentence investigation, the Superior Court sentenced Smith as

follows: for PFDCF, to 25 years of incarceration; and for attempted first-degree assault, to 25 years of incarceration, suspended after 5 years followed by decreasing levels of supervision. We affirmed Smith's convictions and sentence on direct appeal.[1]

(3) Between 2011 and 2022, Smith filed numerous unsuccessful motions for correction or reduction of sentence under Superior Court Criminal Rule 35. In July 2022, Smith filed a motion for correction of illegal sentence, arguing that his PFDCF sentence was illegal because: (i) the aggravating factors found by the Superior Court were insufficient to merit an upward departure from the Sentencing Accountability Commission's guidelines, (ii) the Superior Court did not sufficiently explain its upward departure from the guidelines, (iii) the sentencing judge sentenced Smith with a closed mind, and (iv) the sentence was disproportionate compared to the sentences other defendants had received for PFDCF. The Superior Court denied the motion, and we affirmed its denial on appeal.[2]

(4) In July 2024, Smith filed yet another motion for correction of illegal sentence. The Superior Court denied the motion, finding that it had already

---

[1] *Smith v. State*, 44 A.3d 922, 2012 WL 1530849 (Del. Apr. 30, 2012) (TABLE). The Superior Court later determined that Smith should have received no more than 20 years for his attempted first-degree assault conviction because of an error on the plea paperwork and resentenced Smith accordingly. We affirmed. *Smith v. State*, 89 A.3d 478, 2014 WL 1017277 (Del. Mar. 13, 2014) (TABLE).

[2] *Smith v. State*, 287 A.3d 1159, 2022 WL 17087056 (Del. Nov. 18, 2022) (TABLE).

determined that Smith is serving a legal sentence and that Smith's motion was procedurally barred as repetitive. This appeal followed.

(5) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent that a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(6) In his opening brief on appeal, Smith argues, as he did below, that: (i) 11 *Del. C.* § 1447A(b) establishes a fixed sentence of three years for PFDCF and does not permit an "open sentence;" and (ii) he was denied due process because his trial counsel was ineffective. Smith also contends that the Superior Court improperly treated his motion for correction of illegal sentence as a motion for sentence modification.

(7) As a preliminary matter, Smith is correct that a motion for correction of illegal sentence may be filed at any time and is not subject to Rule 35's bar against

---

[3] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).

[4] *Id.*

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

repetitive motions. Therefore, the Superior Court incorrectly held that Smith's motion was procedurally barred as repetitive. We nevertheless affirm the Superior Court's judgment on the independent and alternative ground that Smith is serving a legal sentence.[6]

(8) Contrary to Smith's argument on appeal, Section 1447A(b) establishes a three-year *minimum* mandatory sentence for a PFDCF conviction. That is, Section 1447A(b) increases the sentencing range for PFDCF, a Class B felony, from 2 to 25 years under 11 *Del. C.* § 4205(b) to 3 to 25 years. Smith's 25-year sentence for PFDCF, although the statutory maximum, is plainly legal. And although ineffective-assistance-of-counsel claims are generally not cognizable in Rule 35(a) proceedings,[7] we note that the arguments that Smith makes in this regard were addressed and rejected in connection with his first motion for postconviction relief.[8]

---

[6] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

[7] *Tatem v. State*, 787 A.2d 80, 82 (Del. 2001).

[8] *Smith*, 89 A.3d 478, 2014 WL 1017277, at *2-3 (rejecting Smith's ineffective-assistance-of-counsel claims and noting that: (i) "Smith indicated under oath that no one had threatened or forced him to enter a plea, that no one had promised him what sentence he would receive, and that he was satisfied with his counsel's representation," and (ii) the reduction of Smith's sentence for attempted first-degree assault from 25 years to 20 years corrected any alleged error with regard to the plea paperwork, which erroneously listed 20 years as the maximum sentence for attempted first-degree assault).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice