IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEITH A. GARNER, § 
§ 
Defendant Below, § No. 116, 2025
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID No. 70021420DI (N)
§ 
Appellee. § 
§ 

Submitted: July 18, 2025
Decided: September 29, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Keith A. Garner, filed this appeal from a Superior Court order denying his motion for the correction of an illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Garner's opening brief that the appeal is without merit. We agree and affirm.

(2)    In 1979, a grand jury indicted Garner for first-degree rape, first-degree burglary, and third-degree assault. Garner was sixteen at the time of the crimes.

After Garner pleaded guilty to first-degree rape, the Superior Court sentenced Garner to life imprisonment as then required by 11 *Del. C.* § 4205(b)(1).

(3) In September 2013, counsel filed a motion for review of Garner's sentence under 11 *Del. C.* § 4204A(d)(1). This section permitted an offender sentenced to more than twenty years of incarceration for crimes (other than first-degree murder) committed before the offender's eighteenth birthday to petition the Superior Court for sentence modification after serving twenty years of the original sentence. In July 2018, the Superior Court resentenced Garner to forty-five years of Level V incarceration for first-degree rape and directed the Department of Correction to calculate the credit time he had served.

(4) In August 2023, Garner filed a motion for sentence modification under Superior Court Criminal Rule 35 and Section 4204A(d)(1). He contended that the forty-five year sentence was not a review of sentence under Section 4204A(d)(1). The Superior Court denied the motion, finding that Garner had not presented any ground for sentence modification under Rule 35. The court also noted that the State and Garner had agreed to the forty-five year sentence and that Garner had committed additional crimes while incarcerated, including first-degree assault for which he was sentenced to twenty-five years of Level V incarceration.

(5) In January 2025, Garner filed a motion for the correction of an illegal sentence. He argued that the forty-five year sentence was illegal because it exceeded

the maximum twenty-five year life sentence for juveniles. Based on his belief that the maximum sentence for first-degree rape committed by a juvenile was twenty-five years and that his sentence for rape expired in 2004, he argued that the time he served between 2004 and the present should be credited to his sentence for first-degree assault. The Superior Court denied the motion. This appeal followed.

(6) We review the denial of a motion for the correction of an illegal sentence for an abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(7) In his opening brief, Garner argues that his counsel for his 2004 guilty plea to first-degree assault was ineffective. He also claims that he understood his first-degree rape sentence would be reduced to twenty-five years of Level V incarceration because he was a juvenile when he committed the rape. Finally, he challenges the Department of Correction's calculation of his credit time.

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

(8) Garner's claims of ineffective assistance, which he did not raise in the Superior Court, fall outside the scope of Rule 35.[4] To the extent that Garner claims that his forty-five year sentence for first-degree rape is illegal, this claim is meritless. At the time Garner committed first-degree rape in 1979 the mandatory sentence was life imprisonment.[5] In 2018, the Superior Court vacated Garner's life sentence and sentenced him to forty-five years of Level V incarceration with Garner to receive credit for the time he had previously served. A juvenile who commits first-degree rape is not subject to a twenty-five year maximum sentence as Garner suggests.

(9) Finally, Garner offers nothing to support his conclusory allegations that the Department of Correction calculated his credit time incorrectly. As previously discussed, Garner was not serving a twenty-five year sentence for first-degree rape and thus did not begin serving his sentence for first-degree assault in 2004 as he claimed below. The Superior Court did not err in denying Garner's motion for correction of illegal sentence.

---

[4] *Tatem v. State*, 787 A.2d 80, 82 (Del. 2001).

[5] 11 *Del. C.* § 764 (1979) (classifying first-degree rape as a class A felony); 11 *Del. C.* § 4205(b)(1) (requiring imposition of life sentence for class A felony other than first-degree murder or an attempt to commit a class A felony).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice