Emil WATSON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 116,2005.

Supreme Court of Delaware.

Submitted: Oct. 19, 2005.
Decided: Nov. 28, 2005.

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court *en banc*.

BERGER, Justice.

In this appeal, we consider, among other issues, whether a person may be sentenced as an habitual offender where one of his prior offenses has been legislatively reclassified. Appellant was convicted of trafficking in cocaine at a time when the offense required possession of at least 5 grams of the narcotic. Recently, the trafficking statute was amended to require possession of a minimum of 10 grams of cocaine. Under current law, appellant's prior conduct would result in a misdemeanor conviction. Nonetheless, we hold that appellant was properly sentenced as an habitual offender. The habitual offender statute identifies trafficking as a predicate crime and provides no exception for prior felony convictions that thereafter are reclassified. Accordingly, appellant's convictions and sentence are affirmed.

### Factual and Procedural Background

On December 30, 2003, a confidential informant told Wilmington Police Detective Robert Cunningham that a black male, nicknamed "Pee Wee," was driving a red Ford Taurus with temporary tags. The informant also said that Pee Wee's license was suspended and that he was traveling with a black female with large lips who "on occasion" would carry drugs for Pee Wee in her crotch. Detectives Handy and Armorer, who knew that Watson's nickname

was Pee Wee, spotted the red Taurus and conducted a motor vehicle stop.

There were two female passengers in the car. One, later identified as Markita Clayton, fit the description given by the informant. The other passenger was released. The detectives took Watson into custody for driving during suspension. After Watson and his passengers had been removed from the car, the detectives saw a digital scale in plain view on the front seat. They did not find any other contraband in the car or on Watson. At the police station, however, Clayton admitted that she was "dirty," and then pulled a quantity of crack cocaine from inside the crotch area of her pants. Clayton testified that the cocaine belonged to Watson.

Prior to trial, Watson unsuccessfully moved to suppress the evidence seized after the traffic stop. After a three day trial, the jury convicted Watson of trafficking in cocaine and four related drug charges. The State then moved to have him declared an habitual offender pursuant to 11 *Del. C.* § 4214(b). Watson admitted that he was convicted of the two prior crimes relied upon as predicate offenses: 1) 1999—trafficking in cocaine 5–50 grams; and 2) 1996—burglary second degree. In opposing the State's motion, however, Watson presented evidence establishing that his 1999 trafficking conviction involved possession of 6.18 grams of cocaine. Watson argued that because the trafficking statute now establishes 10 grams as the minimum for a felony conviction, his prior conviction for possession of less than 10 grams of cocaine should not be counted as a predicate offense under the habitual offender statute. The Superi-

or Court rejected that argument and declared Watson an habitual offender. As required by the habitual offender statute, the trial court sentenced Watson to life in prison. This appeal followed.

## Discussion

Watson first argues that the trial court should have granted his motion to suppress. He contends that the police used his suspended license as a pretext to stop him and search for drugs. Watson claims that the informant's information was too vague and generic to support the search, and that, if it was just a motor vehicle stop, then there was no basis on which to conduct the more extensive drug search that led to the discovery of the digital scale.

We conclude that the trial court correctly denied Watson's motion to suppress. The motor vehicle stop was lawful because the police knew that Watson was driving with a suspended license.[1] The digital scale was in plain view, and the investigating officer testified that digital scales are considered drug paraphernalia because they are commonly used to weigh illegal drugs. Thus, regardless of whether there was a sufficient basis to conduct a search of Watson's vehicle, the digital scale was admissible under the "plain view" doctrine.[2] Finally, the police did not discover the cocaine in Watson's car. Clayton had been hiding it in her clothes and turned it over to the police at the station. Since Watson had no reasonable expectation of privacy with respect to items in Clayton's custody, he has no standing to seek suppression of that evidence.[3]

---

1. *Caldwell v. State*, 780 A.2d 1037, 1046 (Del. 2001).

2. *Hardin v. State*, 844 A.2d 982, 985 (Del. 2004).

3. *Jarvis v. State*, 600 A.2d 38, 43 (Del.1991).

■ Watson next argues that he was denied a fair trial because two police officers, when asked about Watson's relationship to Clayton, testified that Watson called Clayton, "just a piece of ass." Because Watson did not object at trial, we review this claim for plain error, which is error "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial."[4] Although the comment was crude, it was not particularly inflammatory, and we find no plain error in the trial court's failure, *sua sponte*, to instruct the jury to disregard it.

■ Finally, Watson argues that he was unlawfully sentenced as an habitual offender. As noted above, when Watson was convicted of trafficking in cocaine, a person knowingly in possession of 5–50 grams of cocaine was guilty of a felony.[5] In fact, Watson possessed 6.18 grams of cocaine. Before Watson was sentenced on the present convictions, however, the statute was amended to increase the lower limit for trafficking from 5 grams to 10 grams.[6] Thus, if Watson were found guilty of possessing 6.18 grams of cocaine under current law, it would be a misdemeanor.[7] Watson argues that because one of his prior convictions now would be considered a misdemeanor, it should not count as a predicate conviction for purposes of deciding whether he should be sentenced as an habitual offender.

The habitual offender statute provides, in relevant part:

(b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named... and who shall thereafter be convicted of a subsequent felony hereinafter specifically named... is declared to be an habitual criminal, and the court ... shall impose a life sentence upon the person so convicted....

Such felonies shall be:

* * *

825      Burglary in the second degree

* * *

4753A    Trafficking in marijuana, cocaine, illegal drugs or methamphetamine.[8]

The statute does not expressly address prior felony convictions that were legislatively reclassified as misdemeanors after the convictions. In other jurisdictions, however, courts have consistently held that the status of the crime at the time of conviction is controlling for purposes of repeat offender statutes.[9] In Delaware, that conclusion is mandated by the recent enactment of 11 *Del. C.* § 4215A, which provides:

(a) Notwithstanding any provision of law to the contrary, if a previous conviction for a specified offense would make the defendant liable to a punishment greater than that which may be imposed upon a person not so convicted, that previous conviction shall make the defendant liable to the greater punishment if that previous conviction was:

(1) for an offense specified in the laws of this State or for an offense which is the same as, or equivalent to, such offense as the same existed and was defined under the laws of this

---

4. *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986).

5. 16 *Del.C.* § 4753A(2) (1999).

6. 16 *Del.C.* § 4753(A) (2003).

7. 16 *Del.C.* § 4763.

8. 11 *Del. C.* § 4214(b).

9. *See:* R.P.Davis, Annotation, *Determination of Character of Former Crime as a Felony, so as to Warrant Punishment of an Accused as a Second Offender,* 19 A.L.R.2d 227 (1951–2005).

State existing at the time of such conviction; . . . .

(b) This section shall apply to any offense or sentencing provision defined in this Code unless the statute defining such offense or sentencing provision or a statute directly related thereto expressly provides that this section is not applicable to such offense or sentencing provision.

We are not unmindful of the fact that the habitual offender statute is directed at repeat felony offenders, and that Watson is serving a life sentence because of conduct that today would be considered a misdemeanor. But § 4215A leaves no doubt as to the General Assembly's intent. In 1999, when Watson was previously convicted, the amount of cocaine he possessed constituted a felony. As a result, that prior conviction was properly included as a predicate offense for purposes of § 4214(b).

### Conclusion

Based on the foregoing, the judgment of the Superior Court is hereby AFFIRMED.