**Christopher WEHDE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 137, 2009.

Supreme Court of Delaware.

Submitted: July 29, 2009.
Decided: Aug. 24, 2009.
Revised: Aug. 27, 2009.

**17.** 11 *Del. C.* § 4364 [emphasis supplied].

Edward C. Pankowski, Jr., Wilmington, DE, for appellant.

Loren C. Meyers, Department of Justice, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

STEELE, Chief Justice:

Christopher Wehde appeals from Superior Court final judgments of conviction of Fourth Degree Rape, Sexual Solicitation of a Child, and Second Degree Conspiracy. Wehde claims that the sentencing judge erroneously declared him a habitual offender and imposed a disproportionately unfair sentence. Because we find no merit to Wehde's claims, we **AFFIRM.**

## FACT AND PROCEDURAL BACKGROUND

Between January 25, 2007 and December 31, 2007, Christopher Wehde facilitated unlawful intercourse between his minor son, Charles Simpson,[1] and his wife, Laura Wehde, Simpson's stepmother. On April 18, 2008, New Castle County Police Officers arrested Wehde on suspicion of facilitating sex between Simpson and Laura. On June 23, 2008, a grand jury indicted Wehde for Sexual Solicitation of a Child, Endangering the Welfare of a Child, First

---

1. We have *sua sponte* assigned a pseudonym to the minor child, under Supr. Ct. R. 7(d).

Degree Conspiracy, Second Degree Conspiracy, Unlawful Dealing with a Child, three counts of First Degree Rape, four counts of Fourth Degree Rape, and Continuous Sexual Abuse of a Child. Because a Public Defender represented Laura, the Superior Court appointed a conflict attorney for Wehde on September 2, 2008.

On January 21, 2009, Wehde pleaded guilty to Sexual Solicitation of a Child, one count of Fourth Degree Rape, and Second Degree Conspiracy. The State entered a *nolle prosequi* on the remaining charges. As part of the plea agreement, the State reserved the right (and the prosecutor indicated her intent) to seek habitual offender sentencing on Wehde's Fourth Degree Rape charge. On February 19, 2009, Wehde moved, *pro se,* to withdraw his guilty plea. On March 11, 2009, the Superior Court denied that motion.

On March 13, 2009, the sentencing judge declared Wehde a habitual offender under 11 *Del. C.* § 4214(a), based on three earlier felony convictions. She sentenced Wehde to: a 15 year minimum-mandatory Level 5 incarceration on the Fourth Degree Rape conviction; 15 years Level 5, suspended after four years for one year at Level IV, followed by two years Level III on the Sexual Solicitation of a Child conviction; and two years Level 5, suspended for two years at Level III as a consecutive sentence on the Second Degree Conspiracy Conviction. On March 27, 2009, Wehde filed a *pro se* notice of appeal, and on April 7, 2009, defense counsel filed a timely notice of appeal from the Superior Court's sentencing order.

### DISCUSSION

The primary issue this appeal presents is whether the sentencing judge erroneously declared Wehde a habitual offender under 11 *Del. C.* § 4214(a).

The sentencing judge determined that Wehde's three earlier felony convictions constituted predicate offenses "teeing up" the habitual offender statute. Those predicate felony convictions included: (1) two counts of Second Degree Forgery and Theft (over $500) for offenses that occurred between June 22, 1995 and December 5, 1997, with a sentencing date of April 30, 1998; (2) Theft (over $1000) for an offense that occurred on November 15, 2001, with a sentencing date of February 6, 2002; and (3) Theft (over $1000) for an offense that occurred on September 15, 2003, with a sentencing date of May 28, 2004.

At sentencing, Wehde argued that those three convictions did not satisfy the habitual offender statute because he received probation and no "jail time." He asserts, therefore, that he never had a chance for rehabilitation. The sentencing judge agreed with the State's position that Wehde received ample opportunity for rehabilitation while on probation. The sentencing judge also found several aggravating factors that justified an upward deviation from the presumptive sentences on the conspiracy and solicitation charges:

> . . . breach of trust, incredible breach of trust; utter lack of acceptance of responsibility through the various writings you have pummeled the [c]ourt and your attorney with; blaming your victim, who is your son, and your co-defendant, who is your wife or was your wife; lack of remorse; undue depreciation of offense; and lack of amenability to lesser sanctions. I also don't buy that you didn't have adequate and multiple opportunities to rehabilitate yourself, to use your words. You have led a life of crime and dishonesty. . . .

On appeal, Wehde claims that the sentencing judge both abused her discretion and legally erred by declaring him a habit-

ual offender. First, Wehde reiterates his claim that his earlier convictions were not predicate offenses under the habitual offender statute because he never had an opportunity for rehabilitation—as the habitual offender statute requires. Second, Wehde asserts, without reasoned argument, that the sentencing judge abused her discretion by imposing an excessive sentence.

The State responds that Wehde met the habitual offender statute's requirements because suspended sentences are irrelevant in any analysis of predicate offenses. Moreover, the sentencing judge imposed a reasonable, justified, proportional sentence.

Therefore, three issues emerge. First, do Wehde's earlier felony convictions, for which he received suspended sentences, qualify as predicate offenses under the habitual offender statute? Second, did the sentencing judge abuse her discretion in sentencing Wehde? Third, did Wehde receive a sentence disproportionate to others similarly situated; and, if so, how would a disproportionate sentence affect his habitual offender status as a matter of law?

Whether Wehde's earlier convictions count as predicate offenses under the habitual offender statute is a question of law, subject to *de novo* review.[2] To the extent Wehde raises an Eighth Amendment challenge to his sentence, our review is also *de novo*.[3] In all other respects we review a judge's sentencing decision for abuse of discretion.[4]

### *Wehde's Earlier Convictions Constitute Predicate Offenses Under the Habitual Offender Statute*

■ Although the sentencing judge did not explain her reasoning, she implicitly held that Wehde's earlier convictions—for which he received suspended imprisonment for probation—were predicate offenses under the habitual offender statute. On appeal, Wehde argues that those convictions could not be predicate offenses because, without incarceration, he did not receive a chance to rehabilitate. He relies on *Buckingham v. State*,[5] in which we described 11 *Del. C.* § 4214(a) as requiring "three convictions ... each successive to the other, with some chance for rehabilitation after each sentencing...."[6]

Wehde's argument, however, rests on the remarkable premise that a person on probation cannot be rehabilitated, but only one who is imprisoned can. In *Whiteman v. State*,[7] we held that imprisonment suspended for probation does not ipso facto preclude a conviction from constituting a predicate offense under the habitual offender statute.[8] That holding implicitly

2. *Tony Ashburn & Son, Inc. v. Kent County Reg'l Planning Comm'n*, 962 A.2d 235, 239 (Del.2008) ("We review questions of law, including the interpretation of a statute, *de novo*.") (internal citation omitted).

3. *Nance v. State*, 903 A.2d 283, 285 (Del. 2006).

4. *See Saunders v. State*, 401 A.2d 629, 635 (Del.1979) (reviewing habitual criminal proceeding for abuse of discretion).

5. 482 A.2d 327 (Del.1984).

6. *Id.* at 330. In *Buckingham,* the Court determined that two sets of multiple felonies (totaling five felonies) did not establish three predicate offenses under the habitual offender statute. Essentially, the Court determined that a set of felonies arising out of a single criminal episode only counts as a single predicate offense under the habitual offender statute, because the crimes are not successive after a chance to rehabilitate.

7. *See Whiteman v. State*, 2004 WL 692010 (Del.).

8. *Id.* at *1 ("It would simply beg logic and common sense to say that a person adjudicated guilty of an offense who is fined, ordered imprisoned, with execution suspended ... has

recognizes that the purpose of probation is to attempt to rehabilitate a criminal in a non-correctional setting.[9]

Wehde clearly received an opportunity to rehabilitate between the earlier sentences. Although our cases do not articulate a bright line, one size fits all, standard for determining whether any particular defendant had sufficient time to rehabilitate, the shortest time period between one of Wehde's earlier convictions and a later crime was more than one year. We assume, without deciding, that our case law establishes that there must be some time span for rehabilitation before a conviction can constitute a predicate offense. A one year period of probationary supervision should satisfy any rational minimum standard. The sentencing judge committed no legal error by declaring Wehde an habitual offender.

### The Sentencing Judge Did Not Abuse Her Discretion at Sentencing

■ After declaring Wehde a habitual offender, the sentencing judge sentenced him to the mandatory minimum of 15 years at Level V on the Fourth Degree Rape conviction, 15 years on the Sexual Solicitation of a Child conviction, suspended after four years for two years at Level III; and a consecutive sentence of two years at Level V, suspended for two years at Level III on the Second Degree Conspiracy conviction.

Wehde claims that the sentencing judge abused her discretion by imposing a cruel and unusual sentence. Giving Wehde's disjointed arguments their fairest possible construction, Wehde appears to claim that the sentencing judge: (1) erred by declaring Wehde a habitual offender; and (2) abused her discretion by imposing an excessive sentence. Both arguments are meritless.

Once the State established that Wehde met the requirements of the habitual offender statute, 11 *Del. C.* § 4214(a) required the sentencing judge to declare him a habitual offender and the sentencing judge did not err by so doing.[10] Nor did the sentencing judge abuse her discretion by imposing an excessive sentence. Because a Fourth Degree Rape conviction entails a 15 year mandatory minimum sentence, the sentencing judge could hardly have abused her discretion by imposing the mandatory minimum sentence. Mandatory, for better or worse, means compulsory. Doing what the law declares to be

not been convicted for purposes of forming a predicate offense under the habitual offender statute.") (internal citation and quotation omitted).

9. *See Culver v. State*, 956 A.2d 5, 16 (Del. 2008) ("Delaware law puts probationers under the supervision of the Department of Corrections, whose probation officers shall attempt in each case to effect a satisfactory adjustment between the individual and the individual's needs and the demands of society.") (citations omitted); *see also* 11 *Del. C.* § 4301 ("[W]henever it appears desirable in the light of the needs of public safety and their own welfare, [a probationer] shall be dealt with, at restricted liberty in the community, by a uniformly organized system of con-

structive rehabilitation, under probation or parole supervision instead of in a correctional institution.").

10. *See* 11 *Del. C.* § 4214(a):

Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted.

compulsory can never be an abuse of discretion.

Nor did the sentencing judge abuse her discretion by deviating upward from the presumptive sentences on the Sexual Solicitation of a Child and Second Degree Conspiracy charges. The sentencing judge made specific factual findings supporting that upward deviation.[11] Her findings amply support her conclusions. Therefore, the sentencing judge based her decision on "conscience and reason" and did not abuse her discretion.[12]

### *Wehde's Sentence Is Not Disproportionate Under the Eighth Amendment*

■■■ The trial judge imposed—in effect—19 years in prison, followed by four years of probation. Wehde summarily claims that his sentence is disproportionate and excessive. In determining whether a sentence is disproportionate under the Eighth Amendment, we conduct a two part inquiry: (1) "a threshold comparison of the crime committed and the sentence imposed" to determine "[whether] such a comparison leads to an inference of gross disproportionality[;]" followed by (2) a comparative analysis of the sentence with similar cases to determine whether the sentencing court acted "out of step with sentencing norms."[13]

Although Wehde claims that he received a disproportionate sentence, he fails to articulate precisely how. Based on the record evidence, we conclude as a threshold matter that Wehde's sentence is not "grossly disproportionate" and, therefore, fails to raise an inference of disproportionality under the Eighth Amendment. Those factors that the sentencing judge determined were aggravating factors for sentencing purposes also establish that Wehde's sentence was proportional. Fourth Degree Rape is a "violent felony" under Delaware law.[14] Under the established facts, Wehde victimized his minor natural son, refused to accept responsibility for his crimes and blamed others— including his minor son—for his criminal acts. Moreover, Wehde had several earlier, though unrelated, subject matter convictions. Wehde's sentence was not "grossly disproportionate" and did not violate the Eighth Amendment.

### CONCLUSION

For the foregoing reasons, the judgments of the Superior Court are affirmed.

---

**11.** The sentencing judge made the following findings:

... breach of trust, incredible breach of trust; utter lack of acceptance of responsibility through the various writings you have pummeled the [c]ourt and your attorney with; blaming your victim, who is your son, and your co-defendant, who is your wife or was your wife; lack of remorse; undue depreciation of offense; and lack of amenability to lesser sanctions. I also don't buy that you didn't have adequate and multiple opportuni-

ties to rehabilitate yourself, to use your words. You have led a life of crime and dishonesty....

**12.** *See Campbell v. State,* 974 A.2d 156, 163 (Del.2009).

**13.** *See Crosby v. State,* 824 A.2d 894, 908 (internal citations omitted).

**14.** *See* 11 *Del. C.* § 4201(c).