IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER WEHDE, | § | |
| | § | |
| Defendant Below, | § | No. 217, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 0804024505 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  July 10, 2015
Decided:  September 9, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 9th day of September 2015, upon consideration of the appellant's opening brief, the State's motion to affirm,[1] and the record below, it appears to the Court that:

(1)  The appellant, Christopher Wehde, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on

---

[1] The appellant's motion for leave to respond to the motion to affirm and his amended motion for leave to respond to the motion to affirm are denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this appeal.

the face of Wehde's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in January 2009, Wehde pled guilty to Sexual Solicitation of a Child, Rape in the Fourth Degree, and Conspiracy in the Second Degree. These convictions arose from Wehde's facilitation of sexual intercourse between his wife and his minor son. Wehde was declared a habitual offender under 11 *Del. C.* § 4214(a) on the Rape in the Fourth Degree charge. Wehde was sentenced to thirty-two years of Level V incarceration, suspended after nineteen years for decreasing levels of supervision.

(3) On appeal from this sentence, Wehde argued that the Superior Court erroneously declared him a habitual offender and imposed a disproportionately unfair sentence.[2] Wehde claimed that his earlier convictions, for which he received suspended sentences, could not be predicate offenses under Section 4214(a) because, without incarceration, he did not receive an opportunity for rehabilitation.[3] This Court rejected that argument and found that the Superior Court did not err in declaring Wehde a habitual offender.[4] This Court also affirmed Wehde's sentence.[5] After the mandate was stayed and the matter was remanded for the Superior Court to address whether the State filed a motion to

---

[2] *Wehde v. State*, 983 A.2d 82, 83 (Del. 2009).
[3] *Id.* at 85.
[4] *Id.* at 86.
[5] *Id.* at 86-87.

declare Wehde a habitual offender before sentencing, the Superior Court reported that even if the motion was not properly docketed before sentencing, the Superior Court and Wehde's counsel had received and reviewed the motion before sentencing. We agreed with the Superior Court that Wehde was not prejudiced by the untimely docketing of the State's habitual offender motion and ordered issuance of the mandate on our earlier opinion.

(4) On December 28, 2009, Wehde filed a motion for reduction of sentence, which was denied by the Superior Court. This Court affirmed the Superior Court's judgment.[6] Wehde filed, and then withdrew, a motion for postconviction relief under Superior Court Criminal Rule 61.[7]

(5) On October 3, 2014, Wehde filed a motion for correction of sentence. Wehde subsequently filed a motion to amend. In an order dated April 10, 2015, the Superior Court denied the motions, finding that Wehde acknowledged the range of sentences when he pled guilty, the motions were untimely under Superior Court Criminal Rule 35(b), there were no extraordinary circumstances supporting review of the motions, the provisions of 11 *Del. C.* § 4217 were inapplicable, and the sentence was appropriate for all the reasons stated at sentencing. This appeal followed.

---

[6] *Wehde v. State*, 2011 WL 181461 (Del. Jan. 14, 2011).
[7] *State v. Wehde*, 2012 WL 1415631 (Del. Super. Ct. Feb. 15, 2012).

(6) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[8] To the extent the claim involves a question of law, we review the claim *de novo.*[9] A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[10] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[11] A motion to correct a sentence imposed in an illegal manner or a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[12]

(7) As he did in the Superior Court, Wehde argues that his sentence as a habitual offender is illegal because: (i) the predicate felony convictions were overlapping; (ii) some of the violation of probation ("VOP") sentences he received on the predicate convictions were illegal; (iii) two of the predicate convictions constituted only one predicate conviction because he received VOP sentences for both of those convictions on the same day; (iv) the VOP sentences had to expire

---

[8] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[9] *Id.*
[10] Super. Ct. R. 35(a).
[11] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[12] Super. Ct. Crim. R. 35(a), (b).

before he was eligible for sentencing as a habitual offender; (v) the crimes underlying two of his predicate convictions are now classified as misdemeanors; (vi) he was not guilty of Rape in the Fourth Degree; and (vii) he should have been sentenced by the same judge who accepted his guilty plea. Wehde contends that the Superior Court erred by addressing his motions under Rule 35(a) instead of Rule 35(b) and by failing to address his claims.

(8) Wehde's attacks on his habitual offender sentence are without merit. To declare someone a habitual offender under Section 4214(a), "three separate convictions are required, each successive to the other, with some chance for rehabilitation after each sentencing…."[13] In 2009, this Court affirmed the Superior Court's finding that Wehde was a habitual offender based on previous felony convictions that included: (i) two counts of Second Degree Forgery and one count of Theft (over $500) for offenses that occurred between June 22, 1995 and December 5, 1997, with a sentencing date of April 30, 1998; (2) Theft (over $1000) for an offense that occurred on November 15, 2001, with a sentencing date of February 6, 2002; and (3) Theft (over $1000) for an offense that occurred on September 15, 2003, with a sentencing date of May 28, 2004.[14]

(9) Wehde cites no authority in support of his contention that a conviction overlaps with a later conviction when the later conviction results from a crime

---

[13] *Buckingham v. State*, 482 A.2d 327, 330 (Del. 2010).
[14] *Wehde v. State*, 983 A.2d at 86.

committed while the defendant was on probation for the earlier conviction. Wehde also fails to cite any authority to support his claims that he was ineligible for habitual offender status until his VOP sentences expired and that receiving VOP sentences on the same day for different convictions transformed those convictions into one predicate conviction under Section 4214. As to Wehde's attacks on the legality of some of the VOP sentences he received on the predicate convictions, those claims are outside the scope of this proceeding. If Wehde wished to challenge any of the VOP sentences he received, he needed to file an appeal from those sentences or file a motion for sentence correction in those cases. Wehde also fails to explain how an allegedly illegal VOP sentence makes the underlying conviction invalid for purposes of Section 4214.

(10) The later reclassification of some of the crimes underlying Wehde's predicate felony convictions as misdemeanors does not make those convictions non-predicate convictions under Section 4214.[15] The status of the crime at the time of the conviction is controlling.[16] Wehde does not contend that any of the crimes underlying his habitual offender status were misdemeanors at the time he was convicted of those crimes.

(11) As to Wehde's claim that he was not guilty of Rape in the Fourth Degree, this claim is outside the scope of Rule 35. A proceeding under Rule 35

---

[15] 11 *Del. C.* § 4215A; *Watson v. State*, 892 A.2d 366, 369-70 (Del. 2005).
[16] *Id.*

6

presumes a valid conviction.[17]  Rule 35 is not a means for Wehde to attack the legality of his convictions or to raise allegations of error in the proceedings before the imposition of sentence.[18]

(12)  Wehde's claim that he should have been sentenced by the same judge who accepted his guilty plea constitutes a claim that his sentence was imposed in an illegal manner.  Absent extraordinary circumstances or an application by the Department of Correction under 11 *Del. C.* § 4217, the Superior Court will not consider a motion for correction of a sentence imposed in an illegal manner filed more than ninety days after imposition of the sentence.  Wehde filed his motion for correction of sentence more than ninety days after the imposition of his sentence.  Wehde has not shown that his sentencing by a judge who did not accept his guilty plea constitutes extraordinary circumstances under Rule 35(b).  Nor has the Department of Correction filed an application under Section 4217.

(13)  In addition to the claims he raised in the Superior Court, Wehde also argues on appeal that the Superior Court should have held a separate hearing on the State's habitual offender petition after the untimely docketing of the State's habitual offender petition, habitual offender status is reserved for those repeatedly incarcerated and not those on probation, his counsel was suspended from the practice of law, and the Superior Court has demonstrated a closed mind in denying

---

[17] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[18] *Id.*

7

his motions. These claims will not be considered on appeal in the absence of plain error.[19] There is no plain error here.

(14) Wehde's claim that the Superior Court should have held a separate hearing on the State's habitual offender petition fails for the same reasons as his claim regarding the identity of the judge who sentenced him. In addition, the untimely docketing of the State's habitual offender petition was previously addressed by this Court.[20] This Court has also previously rejected Wehde's argument that habitual offender status is limited to those who are incarcerated.[21] As to the suspension of Wehde's counsel, the order submitted by Wehde reflects that his counsel was permitted to provide legal services under the supervision of the Superior Court Criminal Conflicts Program while Wehde's 2009 appeal was pending. Wehde also fails to identify any errors by his counsel. Having carefully reviewed the parties' submissions and the record, we conclude that the Superior Court did not err in denying Wehde's motions for correction of sentence and did not display a closed mind in denying those motions.

---

[19] Supr. Ct. R. 8.
[20] *See supra* ¶ 3.
[21] *See id.*

8

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice