IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER WEHDE, | § | |
| | § | |
| Defendant Below, | § | No. 435, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0804024505 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 28, 2020
Decided: April 7, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1) The record reflects that, in January 2009, Wehde pled guilty to fourth-degree rape, sexual solicitation of a child, and second-degree conspiracy. These convictions arose from Wehde's facilitation of sexual intercourse between his wife and his minor son. The Superior Court declared Wehde a habitual offender under 11 *Del. C.* § 4214(a) for the rape charge. The Superior Court sentenced Wehde as follows: (i) for fourth-degree rape, as a habitual offender under § 4214(a), 15 years of Level V incarceration; (ii) for sexual solicitation of a child, 15 years of Level V

incarceration, suspended after 4 years for decreasing levels of supervision; and (iii) for second-degree conspiracy, 2 years of Level V incarceration, suspended for Level III probation. On appeal, this Court ultimately affirmed the Superior Court's judgment.[1] The Court subsequently affirmed the Superior Court's denial of Wehde's motions for sentence reduction and sentence correction.[2]

(2) Beginning on January 1, 2017, eligible habitual offenders may petition the Superior Court for modification of their sentences under § 4214(f). On September 26, 2018, an attorney with the Public Defender's Office filed a motion for a certificate of eligibility for Wehde as required by Superior Court Special Rule of Criminal Procedure 2017-1.[3] After the State responded and Wehde's counsel filed an amended motion, the Superior Court granted the motion for a certificate of eligibility on February 15, 2018.

---

[1] *Wehde v. State*, No. 137, 2009 Order (Del. Nov. 2, 2009) (concluding that the mandate for the Court's August opinion affirming Wehde's convictions and sentence could issue after the return from remand for the Superior Court to address whether the State filed a motion to declare Wehde a habitual offender before sentencing); *Wehde v. State*, 983 A.2d 82, 85-86 (Del. 2009) (affirming Wehde's convictions and sentence).

[2] *Wehde v. State*, 2015 WL 5276752, at *3-4 (Del. Sept. 9, 2015) (affirming the Superior Court's denial of Wehde's motion for correction of illegal sentence); *Wehde v. State*, 2011 WL 181461, at *1 (Del. Jan. 14, 2011) (affirming the Superior Court's denial of Wehde's motion for reduction of sentence).

[3] The General Assembly directed the Superior Court to establish rules for implementation of § 2014(f). 11 *Del. C.* § 2014(f).

(3) On April 2, 2019, Wehde's counsel filed a petition for sentence modification under § 4214(f), which the State opposed. In an order dated September 13, 2019, the Superior Court denied the petition. This appeal followed.

(4) On appeal, Wehde's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Wehde of the provisions of Rule 26(c) and provided Wehde with a copy of the motion to withdraw and the accompanying brief.

(5) Counsel also informed Wehde of his right to identify any points he wished this Court to consider on appeal. Wehde has raised points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.

(7) Wehde's arguments on appeal may be summarized as follows: (i) his habitual offender sentence was not based on two previous violent felony convictions

as suggested by the Superior Court; (ii) the Superior Court ignored his achievements in prison, misstated his criminal history and disciplinary violations in prison, and incorrectly found that he had not accepted responsibility for his crimes; and (iii) the Superior Court should have appointed conflict counsel to handle his § 4214(f) proceedings.

(8) Under § 2014(f), the Superior Court is not required to grant an eligible petitioner's motion for sentence modification.[4] We therefore review the Superior Court's denial of a motion for sentence modification under § 4214(f) for abuse of discretion. "An abuse of discretion occurs when 'a court has…exceeded the bounds of reason in view of the circumstances,' [or]…so ignored recognized rules of law or practice…to produce injustice."[5] To the extent the claim involves a question of law, we will review the claim *de novo*.[6]

(9) As Wehde notes, the Superior Court incorrectly referred to the current version of § 4214(b) as providing that habitual offenders who commit two Title 11 violent felonies are subject to mandatory minimum sentence of half the maximum

---

[4] 11 *Del. C.* § 4214(f) ("Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section."). *See also* Superior Court Special Rule of Procedure 2017-1(d)(9) ("The court may in its sole discretion grant or deny the petition for modification of sentence."). *See also Lewis v. State,* 797 A.2d 1198, 1202 (Del. 2002) (reviewing the Superior Court's exercise of authority under Superior Court Criminal Rule 35(b) for abuse of discretion).

[5] *Lilly v. State,* 649 A.2d 1055, 1059 (Del. 1994) (quoting *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 571 (Del. 1988)).

[6] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

sentence for the offense. In fact, current § 4214(b) provides that a habitual offender who has previously committed three felonies and is thereafter convicted of his first Tile 11 violent felony (like Wehde in 2008) is subject to a mandatory minimum sentence of half the maximum sentence for that offense. Notwithstanding this mistake, the Superior Court correctly recognized that someone sentenced under current § 4214(b) for fourth-degree rape would be subject to a minimum sentence of 7.5 years and proceeded to consider whether Wehde's 15-year sentence for fourth-degree should be reduced to 7.5 years.

(10) Most of Wehde's arguments on appeal relate to his dissatisfaction with the Superior Court's review of his petition for sentence modification. Under § 4214(f), the Superior Court's review was required to include "a review of the applicant's prior criminal history, including arrests and convictions, a review of the applicant's conduct while incarcerated, and available evidence as to the likelihood that the applicant will reoffend if released, including a formal, recent risk assessment."[7] The Superior Court was also required to "articulate on the record the results of its review and its rationale for granting or denying a petition."[8]

(11) The Superior Court's carefully reasoned order complied with the requirements of § 4214(f). The Superior Court reviewed Wehde's prior criminal

---

[7] 11 *Del. C.* § 4214(f).
[8] *Id.*

5

history (the figures that Wehde challenges appear in his petition and the DELJIS charge summary), his conduct while incarcerated (which included his completion of prison programs as well as disciplinary infractions), and available evidence as to his likelihood to reoffend (which included his recent risk assessment). The Superior Court acknowledged Wehde's arguments in support of sentence reduction, including his employment and completion of numerous programs while in prison, but also noted his significant criminal history, a 2013 disciplinary offense and his subsequent dishonesty concerning his history of substance abuse, and his continuing refusal to accept responsibility for his fourth-degree rape conviction. The record supports these findings. There is no indication that the Superior Court exceeded the bounds of reason or ignored the rules of law. We therefore find no abuse of the Superior Court's discretion in denying Wehde's petition for sentence modification.

(12) Finally, Wehde argues that conflict counsel, not the Public Defender's Office, should have been appointed to file his § 4214(f) motion. He notes that conflict counsel represented him in 2008 because the Public Defender's Office originally represented his co-defendant (his wife) on the charges arising from the incidents with his son. After Wehde initially requested the appointment of conflict counsel for his § 4214 proceedings, the Superior Court denied his request because the Public Defender's Office had already determined that he was eligible for sentence modification. We find no merit to Wehde's claim.

6

(13) Under Superior Court Special Rule of Criminal Procedure 2017-1(b), the Office of Defense Services must represent a petitioner in § 4214(f) proceedings unless the petitioner privately retains an attorney. Wehde has not shown that the Public Defender's Office's initial representation of his wife in 2008 precluded their representation of him almost 10 years later in his § 4214(f) proceedings.

(14) This Court has reviewed the record carefully and has concluded that Wehde's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wehde could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice