IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANEL HUBBARD, | § | |
| | § | No. 240, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 0906021444 (N) |
| Appellee. | § | |
| | § | |

Submitted: September 13, 2022
Decided: November 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Anel Hubbard, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Hubbard's opening brief that his appeal is without merit. We agree and affirm.

(2)     Following a six-day trial in early 2010, a Superior Court jury found Hubbard guilty of one count of attempted first-degree murder, five counts of possession of a firearm during the commission of a felony, two counts of first-degree

robbery, one count of first-degree carjacking, one count of first-degree reckless endangering, and one count of second-degree conspiracy. Hubbard was also found guilty of one count of a possession of a deadly weapon by a person prohibited, which was severed from the other counts and heard simultaneously as a bench trial.

(3) Prior to sentencing, the State filed a motion to declare Hubbard a habitual offender under 11 *Del. C.* § 4214(a), alleging that four prior felony convictions qualified Hubbard to be sentenced as a habitual offender—a 1998 first-degree-robbery conviction, a 2003 second-degree-escape conviction, a 2005 second-degree-escape conviction, and a 2007 possession-of-a-controlled-substance-within-1000-feet-of-a-school conviction. Hubbard did not dispute the validity of his prior convictions but argued that he had not been given a meaningful opportunity to rehabilitate between his conviction for robbery and his convictions for escape because he was held at either Level V or Level IV continuously after the 1998 robbery conviction. Over Hubbard's objection, the Superior Court granted the State's motion and sentenced Hubbard, as a habitual offender, to twelve life terms of incarceration. We affirmed Hubbard's convictions and sentence on appeal.[1]

(4) In October 2011, Hubbard filed a timely motion for postconviction relief, and the Superior Court appointed counsel to assist him in connection with the

---

[1] *Hubbard v. State*, 16 A.3d 912 (Del. 2011).

2

proceedings. On January 25, 2017, the Superior Court denied the motion,[2] and we affirmed its denial on appeal.[3] In March 2018, Hubbard filed a second motion for postconviction relief. The Superior Court summarily dismissed the motion as procedurally barred, and we affirmed its summary dismissal on appeal.[4]

(5) In February 2019, Hubbard filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), reviving his argument that he had not been given a meaningful opportunity to rehabilitate between his convictions because he was held continuously at Level IV or Level V on his 1998 sentence for robbery when he was convicted of escape. On May 17, 2019, the Superior Court denied the motion, finding that a defendant could rehabilitate in either a Level V or Level IV setting. Hubbard appealed, but his appeal was dismissed when he failed to file an opening brief.[5]

(6) In March 2022, Hubbard filed another motion for correction of illegal sentence, again arguing that his escape convictions could not be used as predicate felonies for habitual-offender purposes because they overlapped with his robbery conviction. The Superior Court denied the motion, finding that it was an impermissible repetitive Rule 35(b) motion, that no additional information had been

---

[2] *State v. Hubbard*, 2017 WL 480567 (Del. Super. Ct. Jan. 25, 2017).

[3] *Hubbard v. State*, 2018 WL 526597 (Del. Jan. 23, 2018).

[4] *Hubbard v. State*, 2018 WL 4212139 (Del. Sept. 4, 2018).

[5] *Hubbard v. State*, 2019 WL 4180410 (Del. Sept. 3, 2019).

provided to the court that would warrant a reduction or modification of sentence, and that Hubbard's sentence remained appropriate for the reasons stated at sentencing. This appeal followed.

(7) We review the denial of a motion for correction of sentence for abuse of discretion.[6] To the extent a claim involves a question of law, we review the claim *de novo*.[7] A motion to correct an illegal sentence may be filed at any time.[8] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[9]

(8) On appeal, Hubbard argues as he did below that he was not given the chance to rehabilitate between his robbery conviction and his subsequent escape convictions because he had not completed the "quasi-institutional" Level IV portion of his 1998 sentence for robbery when he was convicted of escape. Hubbard's argument is unavailing.

(9) As a preliminary matter, although it appears that the Superior Court mistakenly treated Hubbard's motion for correction of sentence as a motion for

---

[6] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[7] *Id.*

[8] Del. Super. Ct. Crim. R. 35(a).

[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

modification of sentence under Rule 35(b), we nonetheless affirm the Superior Court's denial of Hubbard's motion on the independent and alternative ground that it lacked merit under Rule 35(a).[10]

(10) As Hubbard correctly observes, to be sentenced as a habitual offender under Section 4214(a), "three separate convictions are required, each successive to the other, with some chance of rehabilitation after each sentencing…."[11] To the extent that Hubbard argues that he could not rehabilitate in a "quasi-institutional" setting, we implicitly recognized that one can rehabilitate while incarcerated when we explicitly rejected the argument that one *must* be incarcerated to have a chance to rehabilitate.[12] Indeed, as the Superior Court recognized in its May 17, 2019 order denying Hubbard's earlier motion for correction of illegal sentence, rehabilitation is one of the fundamental objectives of incarceration, and "[t]o say that Level V incarceration and Level IV partial confinement are not rehabilitative defies this basic understanding."[13] And, to the extent that Hubbard argues that one must be given a chance to rehabilitate after completing his first sentence—here, Hubbard's 1998

---

[10] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment on the basis of a different rationale than that articulated by the trial court).

[11] *Buckingham v. State*, 482 A.2d 327, 330 (Del. 1984).

[12] *See Wehde v. State*, 983 A.2d 82, 85-86 (Del. 2009) (rejecting the defendant's argument that "a person on probation cannot be rehabilitated, but only one who is imprisoned can").

[13] State's Mot. to Affirm, Ex. E at p. 4.

sentence for robbery—he is mistaken. We have held that "some chance of rehabilitation" means only that "some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction."[14] Hubbard does not dispute that his predicate convictions arose out of separate events and were separated by a period of time. Accordingly, Hubbard's convictions did not overlap, and Hubbard had some chance for rehabilitation between each of the convictions. We therefore affirm the Superior Court's denial of his motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[14] *Eaddy v. State*, 1996 WL 313499, at * 2 (Del. May 30, 1996).

6