IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD DAVIS, | § | |
| | § | No. 450, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1811002611 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 24, 2025
Decided: April 22, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Ronald Davis appeals the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Davis's opening brief that his appeal is without merit. We agree and affirm.

(2)    On May 15, 2019, Davis pleaded guilty to one count of possession of a firearm by a person prohibited ("PFBPP") and one count of drug dealing. The Superior Court deferred sentencing, and the State moved to have Davis declared a habitual offender under 11 *Del. C.* § 4214(c).   At the outset of the August 9, 2019

sentencing hearing, Davis, through counsel, acknowledged that he had no good-faith basis to oppose the State's habitual-offender petition. The Superior Court thereafter granted the State's petition and sentenced Davis as follows: for PFBPP, as a habitual offender, to fifteen years of incarceration; and for drug dealing, to eight years of incarceration, suspended for eighteen months of Level III probation. Davis did not appeal his convictions or sentence.

(3) In June 2024, Davis filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that: (i) the court failed to credit him for the time he served in prison awaiting sentencing, (ii) his prior escape conviction was improperly used as a predicate offense for habitual-offender sentencing because it is not a violent felony, and (iii) trial counsel failed to perform "several critical duties."[1] The Superior Court denied the motion, and this appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] Mot. to Affirm, Ex. F at 2.
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5)     Davis's arguments on appeal may be fairly summarized as follows: (i) his escape conviction was improperly used as predicate offense for habitual-offender sentencing, (ii) the court's failure to credit him for time served renders his sentence illegal, and (iii) he properly raised ineffective-assistance-of-counsel claims in his motion for correction of illegal sentence. Davis's claims are unavailing.

(6)     Davis's arguments regarding the effect of his second-degree escape conviction on his habitual-offender status are a bit difficult to discern. Nevertheless, the Court has carefully reviewed the State's habitual-offender petition and finds that the Superior Court properly determined that Davis was eligible to be sentenced as a habitual offender under Section 4214(c) for his conviction of PFBPP.[5] Davis had previously been convicted of two felonies (possession with intent to distribute and second-degree escape) and one violent felony (possession of a deadly weapon by a person prohibited). Each of those three convictions was properly treated as a separate conviction because it was successive to another and Davis had "some chance for rehabilitation after each sentencing."[6] Davis argues that "the escape

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] 11 *Del. C.* § 4214(c) (providing that any person who has been twice convicted of a felony and once convicted of a violent felony—as defined in 11 *Del. C.* § 4201(c)—and who is later convicted of a violent felony must receive as a minimum sentence the statutory maximum penalty otherwise provided by statute up to a life sentence).
[6] *Buckingham v. State*, 482 A.2d 327, 330 (Del. 1984).

[sentence] was suspended, which calls into question the validity of using it to establish habitual status."[7] Even assuming that Davis received a suspended sentence for his escape conviction,[8] his claim is without merit—whether a sentence is suspended or not has no bearing on whether the underlying conviction may be used as a predicate offense.[9] And to the extent that Davis argues that his second-degree escape conviction could not be used as a predicate offense because he was serving a Level IV sentence when he committed that offense, he is mistaken.[10] In short, Davis has no basis to challenge his habitual-offender eligibility under Section 4214(c).

(7) Turning to Davis's argument that his sentence is illegal because he was not credited for time he previously served, Davis has not provided the Court with any information to support this conclusory claim, and the record does not support it. The Superior Court docket reflects that Davis was arrested and charged in this case on November 5, 2018.[11] The Superior Court's sentencing order is effective

---

[7] Opening Br. at 1.

[8] For second-degree escape, the Superior Court sentenced Davis to two years of incarceration, with credit for 103 days previously served, followed by one year of Level III probation. Mot. to Affirm, Ex. C at 29.

[9] *See Whiteman v. State*, 2004 WL 692010, at * 1 (Del. Mar. 25, 2004) ("It would simply beg logic and common sense to say that a person adjudicated guilty of an offense who is fined, ordered imprisoned, with execution 'suspended' … has not been convicted for purposes of forming a predicate offense under the habitual offender statute." (internal quotation marks and citation omitted)).

[10] *See Wehde v. State*, 983 A.2d 82, 85-86 (Del. 2009) (noting that the defendant received a chance to rehabilitate while on probation; in fact, the *purpose* of a probationary sentence is to attempt to rehabilitate a criminal, albeit in a non-correctional setting).

[11] Mot. to Affirm, Ex. B at 1.

November 6, 2018.[12]  On this record, the Court cannot conclude that, as Davis claims, "[d]elaying the resolution of [this] legitimate claim[] only prolongs unjust incarceration."[13]

(8)  Finally, the Superior Court correctly observed that ineffective-assistance-of-counsel claims are not cognizable in Rule 35(a) proceedings.[14]  We therefore conclude that the Superior Court did not abuse its discretion when it denied Davis's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[12] *Id.*, Ex. E at 1.

[13] Opening Br. at 2.

[14] *See Tatem v. State*, 787 A.2d 80, 82 (Del. 2001) ("Because [an ineffective-assistance-of-counsel] would require an examination of the proceedings leading up to the imposition of sentence, no relief is available to [the defendant] under Rule 35(a).").