IN THE SUPREME COURT OF THE STATE OF DELAWARE

BEN ROTEN,                              §
                                        § No. 69, 2025
   Defendant Below,             §
   Appellant,                   § Court Below—Superior Court
                                        § of the State of Delaware
   v.                           §
                                        § Cr. ID No. 0907011738 (S)
STATE OF DELAWARE,                      §
                                        §
   Appellee.                    §

Submitted: April 8, 2025
Decided:   May 20, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

### ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Ben Roten, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Rule of Criminal Procedure 35(a). The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2) In 2004, Roten pleaded guilty to first-degree assault and aggravated menacing. He was at Sussex Correctional Institute serving his sentence for those crimes when, in March 2009, he threw a bucket of boiling water on another inmate

after an argument.[1]  A Superior Court jury found him guilty of assault in a detention facility (the "2009 Offense").  The court imposed a sentence of twenty-five years of imprisonment under 11 *Del. C.* § 4214(a), the habitual-offender statute.

(3)    The version of Section 4214(a) that was in effect when Roten assaulted the other inmate provided that if a defendant "has been 3 times convicted of a felony . . . under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion[] impose a sentence of up to life imprisonment upon the person so convicted."[2]  Roten has brought several unsuccessful challenges to his habitual-offender sentence.[3]

(4)    In this appeal, Roten argues that the Superior Court erroneously denied his third motion for correction of an illegal sentence.  Roten argues that his habitual-offender sentence for the 2009 Offense is illegal because his predicate offenses "overlapped," and he did not have an opportunity for rehabilitation between his prior

---

[1] *Roten v. State*, 2010 WL 3860663, at *1 (Del. Oct. 4, 2010).

[2] 11 *Del. C.* § 4214(a) (effective July 12, 2004, through June 29, 2010).

[3] *See, e.g.*, *Roten v. State*, 2019 WL 1499908 (Del. Apr. 3, 2019) (affirming denial of second motion for correction of illegal sentence and addressing argument that Roten's 1998 conviction in North Carolina for "Felonious Larceny" did not qualify as a predicate felony under Section 4214(a)); *Roten v. State*, 2012 WL 3096659 (Del. July 30, 2012) (affirming denial of motion for correction of illegal sentence, in which Roten argued that habitual-offender sentence was illegal because "it was based on false and unreliable information," "his prior convictions are not predicate felonies under the habitual offender statute," and "he never had an opportunity to rehabilitate"); *Roten*, 2010 WL 3860663 (addressing challenges to habitual-offender sentence on direct appeal).

offenses. Similarly, he contends that his 2004 assault conviction was not predicate to the 2009 Offense because he was serving the sentence for his 2004 assault conviction when he committed the 2009 Offense.

(5) The predicate offenses for habitual-offender sentencing must be "each successive to the other, with some chance for rehabilitation after each sentencing."[4] "'[S]ome chance for rehabilitation' does not mean time away from the criminal justice system but simply that the defendant be afforded sufficient opportunities to reform, even in the prison system."[5] Thus, the offense for which an inmate is serving a sentence when he commits assault in a detention facility constitutes a predicate offense for habitual-offender sentencing for assault in a detention facility.[6]

(6) Moreover, Roten's reliance on *Dickens v. State*[7] is misplaced. In *Dickens*, this Court vacated the defendant's habitual-offender sentence for assault in a detention facility because the conduct leading to that conviction occurred in April 2009, *before* the May 2009 sentencing date for one of the offenses on which the

---

[4] *See Buckingham v. State*, 482 A.2d 327, 330 (Del. Aug. 22, 1984).

[5] *Payne v. State*, 1994 WL 91244, at *1 (Del. Mar. 9, 1994).

[6] *See id.* (rejecting appellant's argument that "because he was never released from prison after committing his first felony, he had no opportunity for rehabilitation between sentences" and therefore could not be sentenced as a habitual offender for assault in a detention facility). We note that we have previously addressed this argument in Roten's case. *See Roten v. State*, No. 261, 2012, 2012 WL 3096559, at *1 (affirming denial of motion for correction of illegal sentence and stating that one of Roten's arguments on appeal was that "he never had an opportunity to rehabilitate"); *Roten v. State*, No. 261, 2012, Docket Entry No. 7, at 9 (Del. filed June 11, 2012) (arguing, in opening brief on appeal, that Roten did not have an opportunity "to be rehabilitated" or "to correct the pattern of criminal conduct" because he was incarcerated for a prior offense when he committed the 2009 Offense).

[7] 2012 WL 3104942 (Del. July 31, 2012).

3

habitual-offender petition was based.[8] Here, in contrast, Roten's 2009 Offense occurred years after he was sentenced for the predicate offenses on which the habitual-offender petition was based.

(7)     As to the North Carolina offenses, the record reflects that, in addition to Roten's 2004 assault conviction, the habitual-offender motion was based on two prior felony proceedings in North Carolina. In the first, it appears that Roten was charged with "Felonious Larceny" and "Felonious Breaking and Entering" for conduct that occurred in 1997, and that he was convicted and sentenced for those offenses in November 1998. In the second, it appears that Roten was charged with "Forgery" and "Breaking and Entering a Motor Vehicle" for conduct that occurred in 2001, and that he was convicted and sentenced for those offenses in November 2001. "We have held that 'some chance of rehabilitation' means only that some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction."[9] We find no

---

[8] *See id.* at *3 ("[T]he State concedes that the Superior Court erred in granting its motion to declare Dickens to be a habitual offender because the offenses relied upon by the State overlapped, and Dickens did not have the requisite opportunity for rehabilitation between each of the offenses."); *Dickens v. State*, No. 425, 2010, Docket Entry No. 61, at 1-2 (Del. filed Apr. 16, 2012) ("[B]ecause Dickens committed the instant offenses, for which he was declared an habitual offender, on April 15, 2009, his arrest predates the sentencing date of May 1, 2009 on one of his stated qualifying convictions. As such, Dickens is correct that his 2009 conviction listed in the State's habitual offender motion does not qualify as a predicate offense." (citation omitted)).

[9] *Hubbard v. State*, 2022 WL 16942123, at *2 (Del. Nov. 14, 2022) (internal quotation omitted); *see also Wehde v. State*, 983 A.2d 82, 86 (Del. 2009) ("Wehde clearly received an opportunity to rehabilitate between the earlier sentences. Although our cases do not articulate a bright line, one size fits all, standard for determining whether any particular defendant had sufficient time to rehabilitate, the shortest time period between one of Wehde's earlier convictions and a later crime

4

error in the Superior Court's denial of Roten's motion for correction of an illegal sentence based on the time elapsed between Roten's predicate offenses.[10]

(8)     After the State filed its motion to affirm in this appeal, Roten filed two documents requesting that we consider whether the United States Supreme Court's decision in *Erlinger v. United States*[11] applies to his habitual-offender sentence. It appears that Roten has also now filed a motion in the Superior Court asserting an *Erlinger* argument. The *Erlinger* issue is not ripe for consideration in this appeal, but upon return of this matter to the Superior Court, the Superior Court will have the opportunity to address Roten's *Erlinger* argument in the first instance.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ N. Christopher Griffiths*
Justice

---

was more than one year. We assume, without deciding, that our case law establishes that there must be some time span for rehabilitation before a conviction can constitute a predicate offense. A one year period of probationary supervision should satisfy any rational minimum standard. The sentencing judge committed no legal error by declaring Wehde an habitual offender.").

[10] *See Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (stating that this Court reviews the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion and, to the extent that the claim involves a question of law, the Court reviews the claim *de novo*).

[11] 602 U.S. 821 (2024).