Roger DENNIS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 551, 2011.

Supreme Court of Delaware.

Submitted: March 21, 2012.

Decided: April 12, 2012.

---

Raymond D. Armstrong, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Paul R. Wallace, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellant, Roger Dennis ("Dennis"), appeals from his judgment of conviction, after a Superior Court jury trial, of Carjacking in the Second Degree. Dennis raises one claim of error in this appeal. Dennis argues that the Superior Court "relieved the State of its burden to establish every element of an indicted charge beyond [a] reasonable doubt when it erroneously interpreted ... the [statutory] language of [Title 11, section 836(a) of the Delaware Code.]" We have concluded that Dennis' argument is without merit. Therefore, the judgment of the Superior Court is affirmed.

### Facts

On the morning of December 6, 2010, Cassandra Butler ("Butler") left her home in Wilmington, Delaware and got into her car, which was parked on the street directly in front of her house. After starting her car, Butler got out to retrieve items from her house. As she was walking along the driver's side of the car toward the back of the car, Butler "felt a breeze." She turned around and saw a man inside her car. As the man began to drive away, Butler ran alongside the car, yelling "give me my car" in protest.

Butler then called 911 to report her car stolen. She described the perpetrator as a heavyset black male with a long beard, wearing a green Army jacket. Approximately two hours after the incident, a Wilmington Police Department officer observed Butler's car being driven by a man who matched that description. The officer stopped the driver and arrested him. The driver was later identified as Dennis. The police charged Dennis with Carjacking in the Second Degree.

## Jury Instructions

Prior to instructing the jury, the Superior Court reviewed jury instructions with counsel. The initial jury instruction explaining the elements of Carjacking in the Second Degree stated that the State must prove, beyond a reasonable doubt, the following:

(1) The defendant took possession or control of a motor vehicle from Cassandra Butler[;] (2) [t]he taking was accomplished through [*sic*] without the permission of Cassandra Butler[; and] (3) [t]he defendant acted knowingly and unlawfully.

The State requested that the second enumerated element in the instruction be amended to read that the taking "was accomplished in the immediate presence and without the permission of Cassandra Butler," to comport with the language of the Carjacking in the Second Degree statute. In response to that request, Dennis' trial counsel argued that the jury instruction should also include the element "coercion or duress," so as "to give the full language of the statute."

The Superior Court judge incorporated the "immediate presence" language requested by the State, but declined to include the defense's requested "coercion or duress" language. The Superior Court held that neither coercion nor duress were necessary elements of the alleged crime in the unambiguous statutory text. A jury found Dennis guilty of Carjacking in the Second Degree.

1. *Corbitt v. Tatagari,* 804 A.2d 1057, 1062 (Del.2002).

2. *Taylor v. Diamond State Port Corp.,* 14 A.3d 536, 538 (Del.2011).

3. *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.,* 492 A.2d 1242, 1246 (Del.1985).

## Standard of Review

▇▇▇▇ Dennis contends that the Superior Court erroneously interpreted the Carjacking in the Second Degree statute. He argues that the statute requires the State to prove that the victim was under coercion or duress when the carjacking occurred. We review *de novo* the Superior Court's jury instructions[1] and its interpretation of a statute.[2] If statutory text is unambiguous, this Court's role is limited to an application of the literal meaning of the statute's words.[3] A statute is ambiguous if it is reasonably susceptible to different interpretations, or if giving a literal interpretation to the words of the statute would lead to an unreasonable or absurd result that could not have been intended by the legislature.[4]

## Statute Properly Construed

The relevant portion of the Carjacking in the Second Degree statute reads as follows:

A person is guilty of carjacking in the second degree when that person knowingly and unlawfully takes possession or control of a motor vehicle from another person or from the immediate presence of another person by coercion, duress *or otherwise* without the permission of the other person.[5]

▇▇▇▇ Dennis argues that the statute makes either coercion or duress a necessary element of any Carjacking in the Second Degree offense. That argument is contradicted by the plain language of the

4. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 933 (Del.2007).

5. Del.Code Ann. tit. 11, § 835(a) (2007) (emphasis added).

statute. The Carjacking in the Second Degree statute unambiguously states that where the defendant steals a car through coercion, duress *"or otherwise,"* the offense is established, if the defendant does not have permission to take the car. The use of the disjunctive "or" has consistently been understood as distinguishing alternative elements of the defined crime.[6] The disjunctive "or" in this statute is grammatically and legally decisive, because it establishes that neither coercion nor duress is *required.*

■ Dennis argues that interpreting the statute this way produces an unreasonable result that could not have been intended by the General Assembly, because it leaves no distinction between the offenses of Carjacking in the Second Degree and the Theft of a Motor Vehicle.[7] That is incorrect. Theft of a Motor Vehicle, unlike Carjacking in the Second Degree, does *not* require that the defendant take possession or control of the car "from another," or "from the immediate presence of another."[8] In other words, stealing a parked car outside the presence of its owner constitutes Theft of a Motor Vehicle, but not Carjacking in the Second Degree.

The General Assembly made a rational distinction between a crime against a person and a crime against property. The key fact that distinguishes Carjacking in the Second Degree from Theft of a Motor Vehicle is the presence of the victim and not whether the motor vehicle was taken by the use of "coercion, duress or otherwise." The presence of the victim makes a carjacking a crime against the person, whereas a theft of a motor vehicle is a crime against property only.[9] Therefore, these crimes do not have identical elements, and the Superior Court's statutory interpretation in this case does not produce an absurd result.[10] The General Assembly made this same rational distinction between property crimes and crimes against the person in the theft and robbery statutes.[11]

### *Conclusion*

The judgment of the Superior Court is affirmed.

---

6. *Banther v. State,* 884 A.2d 487, 493 (Del. 2005).

7. Del.Code Ann. tit. 11, § 841A(a) (2007) ("A person is guilty of theft of a motor vehicle when the person takes, exercises control over or obtains a motor vehicle of another person intending to deprive the other person of it or appropriate it.").

8. *See Lewis v. State,* 2005 WL 2414293 (Del. Sept. 29, 2005) (upholding a Second Degree Carjacking conviction where the defendant took possession of the car by grabbing the steering wheel from the driver).

9. *See Price v. Maryland,* 111 Md.App. 487, 681 A.2d 1206, 1211–12 (1996).

10. *Reddy v. PMA Ins. Co.,* 20 A.3d 1281, 1288–89 (Del.2011).

11. *See, e.g.,* Delaware Criminal Code with Commentary § 831 at 258 (1973) ("It seems desirable to treat the robber more seriously than the stealthy thief because the former is not deterred by the presence of his victim or by sanctions against injuring or threatening his victim.").