**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,            )
                                  )
                                  )
           v.                )        Cr.A. No. 1506005389
                                  )
DIANE LEONE,               )
                                  )
     Defendant.          )
                                  )

Submitted: February 22, 2016
Decided: June 13, 2016

Katherine C. Butler, Esquire                 Jason R. Antoine, Esquire
Office of the Attorney General              1526 Gilpin Avenue
820 North French Street                   Wilmington, DE 19806
Wilmington, DE 19801                    *Attorney for Defendant*
  *Attorney for the State of Delaware*

**MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION TO SUPPRESS**

On June 7, 2015, following the investigation of a two-car motor vehicle accident, Defendant Diane Leone ("Leone") was arrested for Driving Under the Influence ("DUI") in violation of 21 *Del. C.* § 4177(a)(2).  On December 30, 2015, Leone noticed the present Motion to Suppress Evidence (the "Motion"), challenging whether the arresting officer had probable cause to believe Leone was driving under the influence of drugs.  Leone contends that the officer lacked probable cause to arrest because he could not specifically identify the drug or drugs Leone was allegedly under the influence of and therefore, lacked sufficient knowledge to form a basis as to which crime Leone committed.

On January 28, 2016, the Court heard argument on the Motion from both Leone and the State. The Court then reserved decision and ordered supplemental briefing. Leone's sole contention is that at the moment of Leone's arrest, Seitz did not possess "knowledge of facts" sufficient to constitute probable cause.[1] Leone argues that according to the statutory definition of "drug" it is only illegal to drive under the influence of a controlled substance. Simply put, Leone contends that unless an officer of the law can identify prior to arrest, as controlled substances, the drug or drugs impairing a would-be defendant's driving, reasonable suspicion could never blossom into probable cause to arrest for DUI.

**FACTS**

On June 7, 2015, Brenda Santoyo-Benicio ("Benicio") stopped her vehicle to pay a toll on southbound Interstate 95. While Benicio waited to pay the toll, Leone's vehicle rear-ended Benicio's. After the collision, Benicio and Leone moved their vehicles to the side of the road.

At the side of the Interstate, Benicio attempted to exchange insurance information with Leone, however, observing that Leone was "slurring her words and stumbling," decided to contact the police.[2] In speaking to Benicio, Leone seemed incoherent and required Benicio's assistance to stand.[3]

Dispatch sent Corporal Seitz of the Delaware State Police ("Seitz") to the scene. Upon arrival, Seitz observed Leone seated in her vehicle leaning on the door frame. Seitz reported that Leone was unable to maintain her balance and that her pupils were extremely constricted and watery. Leone indicated that she was having problems with her eyes caused by prescription eye drops which impaired her vision. Leone did not provide Seitz with an eye drop prescription, but

---

[1] Def.'s Mot. p 3 (citing *State v. Cooley*, 457 A.2d 352, 355 – 56 (Del. 1983)).
[2] State Mot. ¶ 2.
[3] *Id.*

2

did provide Seitz a bottle of what appeared to be generic eye drops used to treat bloodshot eyes.[4] Seitz did observe multiple prescription pill bottles containing unidentified pills inside Leone's vehicle and her purse. Some of these bottles had observable warnings that they were for sleep or may cause dizziness. Leone indicated that she was driving to Florida and planned on sleeping at the side of the road "until everything got better."[5]

When Seitz requested that Leone exit the vehicle Leone used the door for balance. As a precautionary measure Seitz asked Leone to walk to the rear of her vehicle but Leone was unable to keep her balance and Seitz had to catch and stabilize her.[6] Seitz asked Leone multiple times to stand up straight but Leone continued to lean on her vehicle.[7] Seitz placed Leone under arrest for suspicion of driving under the influence of drugs, whereupon Leone was taken to Delaware State Police Troop 6 Barracks and administered a blood test.

## LEGAL STANDARD

### A. "Drug" Statutory Definition

"The goal of statutory construction is to determine and give legal effect to legislative intent."[8] Where a statute is unambiguous, the Court applies the literal meaning of the statutory language.[9] A statute is ambiguous if the statute "is reasonably susceptible of different conclusions or interpretations."[10]

Pursuant to 21 *Del C.* § 4177(c)(6) a "drug" is defined as any "substance or preparation defined as such by Titles 11 or 16 [of the Delaware Code][,] or which has been placed in the

---

[4] Mot. Tr. p. 49.
[5] Mot. Tr. p. 50.
[6] Mot. Tr. p. 52.
[7] *Id.*
[8] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).
[9] *Dennis v. State*, 41 A.3d 391, 393 (Del. 2012).
[10] *Id.* (internal citations omitted).

schedules of controlled substances."[11] According to 16 *Del. C.* § 4701(15) a "drug" is defined in part, as a ". . . substance[ ] intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man . . . [or] intended to affect the structure or any function of the body." Similarly, 11 *Del. C.* § 222(8) defines a "drug" as "any substance or preparation capable of producing any alteration of the physical, mental or emotional condition of a person."

### B. Probable Cause

For a motion to suppress, the State must establish, by a preponderance of the evidence, that Leone's arrest was supported by probable cause.[12] Probable cause is "an elusive concept which avoids precise definition . . . [i]t lies somewhere between suspicion and sufficient evidence to convict."[13] Probable cause requires that the arresting police officer "possess a quantum of trustworthy factual information sufficient to warrant a [person] of reasonable caution in believing that a DUI offense has been committed."[14] To satisfy this standard, police "must present facts which suggest when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a DUI offense."[15] "That hypothetically innocent explanations may exist for facts learned during an investigation does not preclude a finding of probable cause."[16]

Pursuant to 21 *Del. C.* § 4177(a)(2), it is prohibited to drive a vehicle while one is "under the influence of any drug."[17] An individual is under the influence when that person, due to alcohol or drugs, is "less able than a person would ordinarily have been, either mentally or

---

[11] 21 *Del. C.* § 4177(c)(6). Inexplicably, Leone omitted this portion of the definition from her brief in support of this Motion.
[12] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct 14, 2010).
[13] *Hovington v. State*, 616 A.2d 829 (Del. Super. 1992).
[14] *Lefebvre v. State*, 14 A.3d 287, 293 (Del. 2011).
[15] *Id.*
[16] *Id.*
[17] 21 *Del. C.* § 4177(a)(2).

physically, to exercise clear judgment, sufficient physical control, or due care in the driving of a vehicle."[18]

## DISCUSSION

### A. *"Drug" Statutory Definition*

Leone failed to consider in its entirety, Section 4177's definition of "drug." This omission undercuts Leone's argument that it is only illegal to drive under the influence of an identified controlled substance since the ambit of the definition reaches far beyond the realm of controlled substances and prescription medications.

Theoretically, the State may charge an individual for a drug-related DUI in a broad range of circumstances. Pursuant to Section 4177 and Title 16's definition of a drug, an individual may be charged who is impaired by substances intended for the diagnosis, cure, mitigation, treatment or prevention of disease or substances intended to affect the structure or any function of the body; according to Title 11's definition, an individual is proscribed from driving while impaired by a substance capable of producing any alteration of the physical, mental or emotional condition of a person. These definitions are exceptionally broad, and likely so, to account for the myriad substances regularly developed, distributed, and consumed which affect the human body. Since it is not illegal to drive under the influence of only a substance classified as "controlled," Leone's argument is meritless.

That Seitz did not know the identity of the drug or drugs impairing Leone is of no moment, because Section 4177 does not limit its proscription to controlled substances. Seitz could readily observe behavior and facts indicative of impairment without researching the identity of the impairment-causing substance. To conclude that before arrest, discovery, and even trial, a police officer must precisely identify each substance impairing a defendant suspected of DUI, so as to

---

[18] 21 *Del. C.* § 4177(c)(11).

ensure the substance is statutorily defined as a "drug," is effectively putting the cart before the horse. Probable cause is an evidentiary baseline, built upon a police officer's observations within a totality of the circumstances framework; this standard is satisfied well before evidence accumulates which would sustain guilt beyond a reasonable doubt. Leone has failed to present, and indeed this Court has failed to discover, any binding case law supporting Leone's position.

### B. Probable Cause

Seitz had probable cause to believe Leone committed a DUI offense. In considering the totality of the circumstances, as observed by Seitz, Leone appeared less able than a person would ordinarily have been to exercise clear judgment or sufficient physical control and due care while driving her vehicle. Leone, during daylight hours and while controlling her vehicle, collided with a stationary vehicle at a toll booth on a busy interstate highway. Leone told Seitz that at the time of the collision she was having problems with her eyes. Seitz observed Leone's eyes to be watery and with constricted pupils. Shortly after the collision, Seitz found Leone in possession of numerous prescription pills in orange pill bottles; some of these bottles with warnings that the drugs "may cause dizziness" and should be used for sleep. Furthermore, Seitz observed Leone to have substantial trouble maintaining her balance, so much so that Seitz had to catch Leone to prevent her from falling. Whether seated or standing, Leone used her vehicle's door for balance. Additionally, Leone could not follow Seitz' basic instruction to stand up straight. Considering Leone's abnormal behavior, instability, and inability to follow rudimentary instructions, coupled with Seitz' observing Leone's possession of numerous unidentified substances, the Court finds there was a fair probability that Leone was driving while impaired by a drug or drugs.

The facts above, considered in the totality of the circumstances extant, prior to, and at the time of arrest, are sufficient for a finding of probable cause.

6

**CONCLUSION**

For the foregoing reasons, the Defendant's **Motion to Suppress** is **DENIED** with prejudice. The matter will be scheduled for trial. This Judicial Officer retains jurisdiction.

**IT IS SO ORDERED**.

The Honorable Carl C. Danberg,<br>Judge

cc:    Evette Mosley, Judicial Case Manager