**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE          )
                                )
        v.                 )       I.D. # 1809014735
                                )
                                )
KOSHAUN MACK,           )
                                )
           Defendant.       )

Date Submitted: March 27, 2020
Date Decided: July 14, 2020

**MEMORANDUM OPINION DENYING KOSHAUN MACK'S MOTION
FOR CORRECTION OF SENTENCE**

**DAVIS, J.**

## I.      INTRODUCTION

Defendant Koshaun Mack filed a Motion for Correction of Illegal Sentence (the "Motion") contesting that his 2012 Trafficking PCP conviction was not sufficient to classify as a prior qualifying offense to elevate the present charge. Mr. Mack argues that his sentence is illegal because his 2012 Trafficking PCP conviction was not a prior qualifying conviction under 16 *Del. C.* § 4751B(1) ("Section 4751B(1)"). For the reasons set forth below, the Court will **DENY** the Motion.

## II.      RELEVANT FACTS[1]

In September 2018, police responded to a shots-fired report and found Mr. Mack on the roof of a house. When police arrived, Mr. Mack was screaming incoherently. Mr. Mack then he indicated that he had a gun, and entered the house through a window. Officers apprehended Mr. Mack as he attempted to leave the house. Officers subsequently searched the house and found PCP, drug paraphernalia, a handgun, and ammunition. In November 2018, the Grand

---

[1] *See Mack v. State*, 224 A.3d 202 (Table), 2019 WL 7342514 (Del. 2019).

Jury indicted Mr. Mack on various drug- and weapon-related charges. On May 1, 2019, the State charged Mr. Mack, by information, with an additional drug charge after completing forensic testing on some of the substances.

On May 7, 2019, Mr. Mack pleaded guilty to Aggravated Possession of PCP in a Tier 1 amount and Possession of Ammunition by a Person Prohibited ("PABPP"). In exchange for Mr. Mack's guilty plea, the State dismissed the other charges. The Aggravated Possession of PCP charge was treated as a Class D Violent Felony because, according to the Plea Agreement, "…of [a] Prior Qualifying Title 16 Conviction."[2] The purported qualifying Title 16 conviction was a 2012 Trafficking in Phencyclidine (the "2012 Conviction").

The Court sentenced Mr. Mack as follows: (i) Aggravated Possession of PCP—eight years at Level V, with inpatient drug treatment, suspended after four years and 258 days for two years at Level IV DOC discretion, suspended after six months at Level IV for eighteen months of Level III probation; and (ii) PABPP—eight years at Level V, suspended for one year at Level III probation. The Court's sentence was consistent with the sentencing recommendation made in connection with the guilty plea. Mr. Mack did not contest the plea or contend that the 2012 Conviction did not constitute a qualifying conviction under Section 4751B(1).[3]

Mr. Mack appealed the conviction. On December 30, 2019, the Supreme Court affirmed Mr. Mack's conviction.[4]

Mr. Mack filed the Motion on February 21, 2020. In the Motion, Mr. Mack seeks correction of his alleged illegal sentence, requesting that his conviction be dismissed for time served and supervision at Level II for 18. The State filed its response to the Motion on March

---

[2] Plea Agreement dated April 29, 2019.
[3] *See* 11 *Del. C.* § 4215.
[4] *Mack*, 2019 WL 7342514, at *1.

27, 2020. The State contends that Mr. Mack's sentence is not illegal because: (i) Mr. Mack served 8 days—from October 11, 2013 to October 17, 2013—on a violation of probation on the 2012 Conviction; and (ii) committed the Aggravated Possession of PCP in a Tier 1 amount within five years of October 17, 2013.

## III.    DISCUSSION

An illegal sentence may be corrected by the Court at any time.[5] An imposed sentence is illegal if it is "ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgement of conviction did not authorize."[6]

At issue here is the Court's application of Section 4751(b)(1). Under Section 4751B(1), a prior qualifying Title 16 conviction is:

> [A]ny prior adult felony conviction for a Title 16 offense where the conviction was one of former §§ 4751, 4752, or 4753A of this Title, or any other former section of this Title that was, at the time of conviction, a class C or higher felony; or where the conviction was one of §§ 4752, 4753, 4754, 4755, or 4756 of this Title . . . if the new offense occurs within 5 years of the date of conviction for the earlier offense or the date of termination of all periods of incarceration or confinement imposed pursuant to the conviction, whichever is the later date.[7]

"[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain…the sole function of the courts is to enforce it according to its terms."[8] If the statutory text is unambiguous, the Court's role is limited to an application of the literal meaning of the statute's words.[9]

---

[5] Super. Ct. Crim. R. 35(a).
[6] *Tatem v. State*, Del. Supr., 787 A.2d 80, 81 (2001).
[7] 16 *Del. C.* § 4751B(1).
[8] *Friends of H. Fletcher Brown Mansion v. City of Wilmington*, 34 A.3d 1055, 1059 (Del. 2011) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).
[9] *Dennis v. State*, 41 A.3d 391, 393 (Del. 2012).

At sentencing, it was represented that Mr. Mack's 2012 Conviction was a prior qualifying conviction under Section 4751B(1). The Court, therefore, elevated the Aggravated Possession of PCP in a Tier 1 amount from a Class F felony to a Class D felony. The undisputed facts are that Mr. Mack was first released from Level V on the 2012 Conviction on or about August 26, 2013, and subsequently served 8 days at Level V on the 2012 Conviction from October 11, 2013 through October 17, 2013.

The Court does not find the language of Section 4751B(1) to be ambiguous. As such, the Court does not find Mr. Mack's sentence to be illegal. The sole reason for the elevation of Mr. Mack's sentence for his conviction of Aggravated Possession- Tier 1- PCP from a Class F felony to a Class D felony was due to the 2012 Conviction. Mr. Mack would like the Court to use August 26, 2013 as the relevant date, arguing that this was when he was first released from imprisonment under the 2012 Conviction. However, Section 4751B(1) does not talk in terms of the "initial" period of incarceration. Instead, Section 4751B(1) plainly provides for "all" periods of incarceration imposed under the qualifying conviction. The Court imposed a period incarceration under the 2012 Conviction that terminated on October 17, 2013. Under the language of the statute, the Court must use October 17, 2013 as the relevant date.

According to the Information by Attorney General, Mr. Mack committed the Aggravated Possession of PCP in a Tier 1 amount on or about September 26, 2018. The Court finds that September 26, 2018 falls within five years of October 17, 2013. Accordingly, the Court did not impose an illegal sentence when it sentenced Mr. Mack on May 7, 2019.

4

## IV.    CONCLUSION

For the reasons stated above, the Motion for Correction of Illegal Sentence is **DENIED**.


/s/ *Eric M. Davis*
Eric M. Davis, Judge


Original to Prothonotary:
cc:     Koshaun Mack (SBI#00204530)
        Annemarie Puit, Esq., DAG
        William Leonard, Esq., DAG
        Investigative Services