# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2509000599 |
| | ) | |
| STEVEN WU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

This matter comes before the Court on Defendant's Motion in Limine to determine the meaning of the phrase "beyond that relationship" as it is used in 11 *Del. C.* § 1335(a)(9)(b) in advance of trial.[1] Although cloaked as a motion *in limine*, the Motion is not procedural in nature;[2] rather, is dispositive of a substantive legal issue and thus should not be considered under the framework of a motion *in limine*.[3] However, given that resolution of this issue is necessary for adjudication, the parties consented to this Court deciding the issue in a manner akin to a declaratory

---

[1] Throughout their briefing, the parties quoted the phrase at issue as "beyond the relationship." *See* Def. Mtn. at ¶¶ 6, 7, 8, 11; State's Opp'n at ¶¶ 18, 19, 24, 25, 27, 37, 40, 42. However, that is a misstatement of the statutory language, which describes conduct occurring "beyond **that** relationship," referring to the antecedent clause "private or confidential relationship." 11 *Del. C.* § 1335(a)(9)(b)(emphasis added).

[2] The issue is clearly substantive as it calls for statutory interpretation which will determine whether Defendant's actions constitute criminal activity under the statute. *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 500 (Del. 2001)(contrasting a motion *in limine*, which "typically concerns the admissibility of evidence and is a preliminary motion," with one that "obviates the need for trial of the matter" and thus "is not preliminary" as "it is dispositive of a substantive legal issue").

[3] *MSF Oakdale, LLC v. Transform Operating Stores, LLC*, 2025 WL 3763966, at *4 (Del. Super. Dec. 30, 2025)("When evaluating whether to grant or deny a motion *in limine*, the trial court must ensure a substantive motion is not being disguised as a motion *in limine*").

1

judgment. For the reasons set forth below, the Court finds that 11 *Del. C.* § 1335(a)(9)(b) contemplates confidentiality as to third parties where the protected materials were created or collected with consent limited to the context of a private or confidential relationship, without regard to the status of that relationship at the time the proscribed acts occur.

## I.  BACKGROUND

The facts which follow are culled from the briefing submitted and appear to be uncontroverted.[4] Defendant Steven Wu and Complainant were engaged in a consensual romantic relationship from 2019 to 2022 while both were married to other individuals. During the relationship, Complainant sent Defendant intimate photographs of herself via electronic messages, and Defendant also took photographs of Complainant with her knowledge. Complainant contends that the photos were solely for Defendant. The relationship ended in 2022, at which time Complainant requested that Defendant delete the images.

On August 31, 2025, Defendant placed multiple printed photographs depicting Complainant nude and engaged in a sexual act into the mailbox shared by Complainant and her husband. The photographs were not enclosed in an envelope. Complainant and her husband discovered the images that evening and contacted law

---

[4] To be clear, the Court is not reaching a finding as to any facts, but is merely providing an account of the facts as presented by the parties in briefing.

enforcement. Defendant admitted to placing the photographs in the mailbox, stating he did so to "return them." Complainant asserts she did not request their return and did not consent to the creation of physical copies.

Defendant was charged with one count of Harassment in violation of 11 *Del. C.* § 1311 and one count of Violation of Privacy in violation of 11 *Del. C.* § 1335(a)(9).

## II.   PARTIES CONTENTIONS

As an initial matter, it should be noted that, while Defendant was charged with violation of § 1335(a)(9), the phrase at issue, "beyond that relationship," does not appear in that section of the statute; rather, it is derived from subsection (b) of § 1335(a)(9).   While not explicitly stated in their briefing, it appears the parties construe subsection (b) as an elaboration of the conduct prohibited in § 1335(a)(9) where the visual depictions of a person originated in the context of a private or confidential relationship.   The Court concurs with this interpretation.[5]

Defendant argues that the phrase "beyond that relationship" in 11 *Del. C.* § 1335(a)(9)(b) should be interpreted as party-based, meaning it refers to dissemination of images to individuals who were not party to the relationship. Under this interpretation, the statute prohibits sharing visual depictions with third parties

---

[5] This interpretation is consistent with the statutory construction, as subsection (b) itself is not a chargeable offense and therefore only stands to help elucidate § 1335(a)(9).

but does not impose a temporal limitation tied to the end of the relationship. Defendant contends that the depicted person's reasonable expectation of privacy is limited to preventing disclosure to outsiders, not to restricting use after the relationship ends. Defendant further asserts that the State's temporal interpretation would lead to an unreasonable result by implying that no expectation of privacy exists during the relationship itself. Accordingly, Defendant maintains that "beyond that relationship" concerns access by third parties, and absent such third-party dissemination, no violation occurred.

The State argues that the phrase "beyond that relationship" encompasses both party-based and temporal meanings, and that these interpretations are not mutually exclusive. Under the State's view, an individual retains a reasonable expectation of privacy both as to dissemination to third parties and as to any use of the images after the relationship has ended. The State contends that the statutory term "retain" supports a temporal reading, indicating that the expectation of privacy continues beyond the termination of the relationship. Additionally, the State argues that even under Defendant's party-based interpretation, a violation occurred because the images were reproduced and distributed in a manner accessible to third parties by placement in a shared mailbox. Therefore, the State maintains, Defendant's conduct constitutes a violation under either or both interpretations of the statute.

## III. DISCUSSION

When interpreting a statute, the guiding tenet is legislative intent, for the goal of statutory construction is "to give effect to the intent of the legislature."[6] If a statute is unambiguous, the literal meaning of its words will control; a court may look beyond the statutory text only when the statute is genuinely ambiguous.[7] However, disagreement as to its meaning does not inherently render the statute ambiguous; rather, ambiguity exists where the statute is "reasonably susceptible to different interpretations, or if giving a literal interpretation to the words of the statute would lead to an unreasonable or absurd result that could not have been intended by the legislature."[8]

At issue here is the phrase "beyond that relationship," and, intrinsically, its antecedent phrase "private or confidential relationship," neither of which are defined within the Criminal Code. When a term is not statutorily defined in the Criminal Code, "the commonly accepted meaning and dictionary definition of that word are to be used."[9] Under that metric, it is clear there is no ambiguity in the phrase

---

[6] *Coastal Barge Corp. v. Coastal Zone Industrial Control Board*, 492 A. 2d 1242, 1246 (Del. 1985).

[7] *Arnold v. State*, 49 A.3d 1180, 1183 (Del. 2012)(citing *Dennis v. State*, 41 A.3d 391, 393 (Del. 2012)); *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 217 (Del. 1993)(citing *The Stop & Shop Companies, Inc. v. Suzanne Quinlan Gonzales*, 619 A.2d 896 (Del.1993)); *In re Port of Wilmington Gantry Crane Litig.*, 238 A.3d 921, 927 (Del. Super. 2020) (citing *Friends of H. Fletcher Brown Mansion v. City of Wilmington*, 34 A.3d 1055, 1059 (Del. 2011).

[8] *Arnold*, 49 A.3d at 1183.

[9] *State v. Taye*, 54 A. 3d 1116, 1117 (Del. 2009); 11 *Del. C.* § 221(c)("If a word used in this Criminal Code is not defined herein, it has its commonly accepted meaning, and may be defined as appropriate to fulfill the purposes of the provision").

5

"beyond that [private or confidential] relationship." Dictionary definitions of the relevant words support a finding Section 1335(a)(9)(b) concerns acts occurring outside the confines of a restricted, nonpublic association of two or more people, without regard to the status of that relationship when the proscribed acts occur.[10] However, the dictionary definition of a word is not the sole data point available in ascertaining the word's commonly accepted, plain meaning.[11]

"In addition to relying on dictionary definitions, a court may look to how a term or phrase is used in a particular legal context" for "[w]ords appear in sentences, and 'the meaning of sentences depends critically on context' . . . although dictionary definitions contribute significantly to the analysis, the words they contain do not appear in their natural habitat."[12] Consider, for example, the phrase "passed the bar exam." The dictionary offers a wide range of definitions for the word "bar," including "a solid piece or block of material that is longer than it is wide"; "something that obstructs or prevents passage, progress, or action"; "a counter at

---

[10] Merriam-Webster defines both "private" and "confidential" as "intended for or restricted to the use of a particular person, group, or class," and it defines the term "relationship" as "the way in which two or more things or people are connected: the state of being related or interrelated." MERRIAM-WEBSTER, merriam-webster.com/dictionary/private, merriam-webster.com/dictionary/confidential, merriam-webster.com/dictionary/relationship (last visited March 26, 2026). As for the term "beyond"—when used as a preposition, as it is in § 1335(a)(9)(b)—the definitions include "on or to the farther side of : at a greater distance than" and "out of the reach or sphere of." MERRIAM-WEBSTER, merriam-webster.com/dictionary/beyond (last visited March 26, 2026).

[11] *In re Fox Corporation/Snap Inc.*, 312 A.3d 636, 647-648 (Del. 2024); *Osgood v. State*, 310 A.3d 415, 420 (Del. 2023)("words in a statute should be given meaning through the context in which they are used"); *G.H. Associates, Inc. v. Members of Bd. of Adjustment of Town of Millsboro*, 1991 WL 53448, at *3 (Del. Super. March 27, 1991)("In determining what a word means in a statute, the Court examines the dictionary definition as well as the context and setting of the word").

[12] *In re P3 Health Group Holdings, LLC*, 282 A.3d 1054, 1066 (Del. Ch. Sept. 12, 2022).

6

which food or especially alcoholic beverages are served"; and "the test that a person must pass in order to become eligible to work as a lawyer."[13] In this scenario, the common meaning of the word "bar" becomes apparent only when viewed in the context of its encompassing sentence.

Similarly here, the word "beyond" is capable of varying definitions within and across dictionary sources.[14] However, the plain meaning of the word is crystallized by its context. The critical descriptive verbs which precede the phrase "beyond that relationship"—i.e., "reproduction, distribution, exhibition, publication, transmission, or other dissemination"—are most naturally understood to describe the scope of dissemination rather than the timing of it.[15] Each of these verbs contemplates the movement of a visual depiction from one person to another. Thus, the statutory language focuses on the sharing or exposure of such depictions to others, supporting a reading that "beyond that relationship" refers to disclosure outside the confines of the private relationship in which the images were originally shared.

This interpretation is reinforced by the statute's emphasis on a "reasonable expectation of privacy." The expectation protected is that the images will not be

---

[13] MERRIAM-WEBSTER, merriam-webster.com/dictionary/bar (last visited March 26, 2026).
[14] *See, e.g.,* n. 9; *Beyond, prep.*, WEBSTER'S II NEW COLLEGE DICTIONARY (3d ed. 2005)("1. On or onto the far side of: past. 2. Outside the scope or reach of. 3. To a degree or amount greater than. 4. In addition to: besides."); WEBSTER'S NEW WORLD DICTIONARY (2d ed.1984)("1. on or to the far side of; farther on than; past  2. farther on in time than; later than  3. outside the reach, possibility, or understanding of  4. more or better than; exceeding; surpassing  5. in addition to").
[15] 11 *Del. C.* § 1335(a)(9).

further disseminated outside the relationship. In other words, the privacy interest at issue is one of confidentiality as to third parties. Reading the statute to impose a purely temporal limitation would lead to an absurd result. If the language means dissemination is a violation of the law only after the relationship is terminated, then a person in possession of such protected images could freely share or broadcast them out on social media until placed on notice that the relationship is over—a scenario which runs afoul of the chargeable section of the statute, § 1335(a)(9).[16]

Accordingly, the Court concludes that 11 *Del. C.* § 1335(a)(9)(b) contemplates confidentiality as to third parties where the protected materials were created or collected with consent limited to the context of a private or confidential relationship without regard to the status of that relationship at the time the proscribed acts occur.[17]

**IT IS SO ORDERED this 27th day of March, 2026.**

Carl C. Danberg
Chief Judge

---

[16] Since the statute contains unambiguous language clearly reflective of the legislature's intent, the plain language of the statute controls. *Hoover v. State*, 958 A.2d 816, 820 (Del. 2008). However, even if the Court needed to look beyond the plain language of the statute, the Court would reach the same conclusion, as it clearly aligns with the legislature's intent. The General Assembly's synopsis explains that the statute is intended to address "revenge porn," explaining, "revenge porn" typically refers to the situation where visual depictions are consensually given to an intimate partner who, after the end of the relationship, later disseminates them without the consent of the person depicted." H.B. 260, 147th Gen. Assemb. Reg Sess. (De. 2014).

[17] While this Court has not reached any findings of fact at this stage of the proceedings, it should be noted that under any of the proposed interpretations of § 1335(a)(9)(b), a reasonable jury could conclude that Defendant is guilty as charged based upon the facts presented through briefing.